### JOSEPH B. JONES *v.* B. C. FOSTER et al.

1. CHANCERY PRACTICE — MULTIFARIOUSNESS. — Where J., as guardian of certain minors, sold real estate on time, under an order of the probate court, and took notes for the purchase money, and F. becoming the purchaser; and afterwards, J. sold other real estate, as administrator, and F. became the purchaser again, and executed notes for the purchase money, J. filed his bill to enforce his lien on the notes payable to him, both as guardian and as administrator: *held*, that the bill was bad, for multifariousness.

2. SAME — SAME. — The bill cannot join several distinct, unconnected subjects, against the same defendant or against several defendants.

3. SAME — CASE IN JUDGMENT. — A party cannot be pursued in the same suit in the double capacity of guardian and administrator, because the liabilities are separate and independent. Wren v. Gayden, 1 How., 365. The complainant, representing in his own person, separate and independent capacities and rights, and the defendant F. is pursued in respect to separate and distinct estates, acquired indifferent rights. Where several subjects are united, it must appear, that as to the subject matters and the relief, all the defendants are connected, though differently, with the entire subject in dispute. Watson v. Cox, 1 Ired. Eq. Rep., 289; Adams' Eq, 601, 602.

APPEAL from the Chancery Court of Copiah County. Hon. E. G. PEYTON, Jr., Chancellor.

The opinion of the court contains a sufficient statement of the facts in the case.

*Harris & George*, for appellant:

It is the settled doctrine in this state, that where an administrator takes a note payable to himself, although it was given for

property of his intestate, he may sue in his individual character. The same rule is applicable to guardians. Laugham v. Thompson, 6 S. & M., 259; Eckford v. Hogan, 44 Miss., 398; Trotter v. White, 10 S. & M., 607. As to guardians, see Eckford v. Hogan, supra, where it is said that where a note is payable to guardian, who dies, the administrator may sue. The legal title to all the lands and the judgment, was in Jones individually. So that Jones had the right to treat all the bonds as his, being responsible to the court, to account for them, and they were all due by the same man.

It was a convenient and proper mode of procedure, since the court could so frame the decree as to direct the two tracts to be sold separately.

If Foster still owned both tracts, it could not be doubted that the suit he brought would be proper, and we do not perceive why those desiring title to part of the land from Foster, could not be joined with him.

We do not see that bringing in Graves, the holder of the legal title to part of the land, violates any rule. If this was wrong, the demurrer should have been confined to that. The omission to make him a party would doubtless have frustrated the sale.

Upon the whole the bill seems to be convenient and proper, and not affecting any one injuriously.

There is, in Story's Equity Pleading, a passage which illustrates the principle governing this case, § 271, a. Here there is a connection. First, the purchaser from the administrator and guardian, owes the whole debt, and is bound to relieve his purchaser. Second, the purchaser from him is connected with every party in the suit, having purchased the whole of one tract of land, and part of the other, the lands held by him or by his heirs is liable to the claims of all the bondholders — to those who hold the bonds given to the administrators, as well as those who hold the bonds given to the guardian. So that each of the parties to whom Jones transferred bond (to one he transferred a guardian's,

and to the other an. administrator's bond) would be compelled to make the heir of Foster's vendee, and Foster and Jones, parties to his bill to foreclose the mortgage. Jones, whether he sue on the administrator's bond or guardian's bond, must make Foster and the heirs of his vendee, and one of the holders of the bonds be transferred a party. The only thing that can be said, therefore is, that the two transfers are misjoined, and this is no ground for a demurrer by all the parties, and no ground to dismiss the bill.

*H. B. Mays*, for appellees:

The original bill is multifarious, and is made more objectionable in this respect by the supplemental bill. If Jones & Foster were the only parties to the original bill, it would be multifarious in attempting to embrace *too many objects*, for it is a rule of equity that two or more distinct subjects cannot be embraced in the same suit. 1 Daniels' Ch. Prac., 437; Wren v. Gayden, 1 How. Miss. Rep., 366, 377. Though Jones is authorized to receive the amount due on each sale, and though the entire sum of money is due from Foster, the separate statutory liens may not be enforced in the same suit, because the right in which Jones proceeds, and the subject matter of each lien, are entirely separate and distinct. Story's Eq. Pl., § 271, p. 295. In the Attorney Gen'l v. Goldsmith Co., Sir L. Shadwell, V. C., says: "I apprehend that, besides what Lord Redsdale has laid down upon the subject, there is a rule arising out of the constant practice of the court, that it is not competent where A. is sole plaintiff, and B. is sole defendant, for A. to unite in his bill against B. all sorts of matters wherein they are mutually concerned. If such a mode of proceedings were allowed, we should have A. filing a bill against B., praying to foreclose a mortgage, and in the same bill praying to redeem. another, and asking many other kinds of relief with respect to many other subjects of complaint." 3 Vol. New Lib. of Law and. Eq., 1st Daniel Ch. Pr., 346, 347. If the administrator of W. H. Allen and the guardian of the several infants were distinct persons, it would be clear they could not unite in the same bill, to

enforce their respective liens for the purchase money, for there would be no connection between the parties interested in the separate estates sold, and the interests are quite as distinct, though they centre in the same trustee. Wren v. Gayden, 1 How., 365, 366, 367. This belongs to that class of cases, in which a court may very properly interfere and dismiss the bill for multifariousness, with a view to the *order and regularity of its proceedings.* 3 Vol. New Lib. of Law and Eq., Daniel Ch. Pr., 267; Story's Eq. Pl., 271. If Jones should die after the decree is rendered, and one is appointed administrator *de bonis non* and another guardian, who will execute the decree and receive the money, this might result in still more vexatious litigation. Prestidge v. Pandleton, 2 Cush., 80; Miller v. Helm, 2 S. & M., 687. By the amended bill, Graves is introduced as a defendant, and the bill proposes to obtain these several objects: 1. To enforce a lien for purchase money due for land which Jones sold as administrator. 2. To enforce a lien for purchase money for lands which Jones sold as guardian. 3. To compel Graves to convey the legal title of the lands Jones had sold as guardian to him, who may purchase under the decree he now prays, in the discharge of the obligation of a bond for title Graves had given W. C. & R. R. Allen from whom the land descended to the wards of Jones.

1. This bond was executed by Graves in the lifetime of W. C. & R. R. Allen, and before the sale of Jones to Foster, and imposes no obligation or duty on any party to the bill, except the defendant, Graves, and should be the subject of a separate bill against Graves for specific performance of his contract with W. C. & R. R. Allen. 3 New Lib. Law and Eq., 1 Daniel Ch. Pr., 442–3; 1 How. Miss. Rep., 510.

2. Graves can have no interest whatever in the land sold by Jones as administrator, nor has he any interest in either account which Jones proposes to take of the purchase money due him, in his double capacity from Foster. Ib., top p. 262, marg. p. 442–3.

3. The wards of Jones can have no interest in the administra-

tor's sale, nor in the account of money due Jones as adminis-trator.

4. The estate of W. H. Allen, nor his creditors or distributees have any interest in the guardian sale, nor in an account of pur-chase money due Jones in the character of guardian.

5. Susan Martin, nor her representative, McRea, have any in-interest in the land sold at administrator's sale, nor in the account of balance of purchase money due.

6. Millsaps has no interest in the land sold at guardian's sale, nor in the account of balance of purchase money due. See Wren v. Gayden, 1 How., 365–510; Thoms v. Thoms et al., 45 Miss., 277; Darcey v. Lake, 46 Miss., 115–16; Roberts v. Starke, 47 Miss., 257; 1 Daniel Ch. Pr. Tappan 259, marg. page 437; Boyd v. Hoyte, 5 Paige, Ch. R., 78–79; Gibbs v. Clagett, 2 Gill & J. R., 29; Story's Eq. Pl., sec. 271; Saxton v. Davis, 18 Veasy., 80.

In the *court below*, there was *no application to amend*, the plaint-iff choosing to *rely upon the supposed error of the court*, in dismiss-ing the bill. A demurrer to a bill in chancery is substantially the same as a demurrer to a declaration at law for a misjoinder of parties, or of different causes of action which cannot be properly litigated in the same suit. The demurrer in either case goes to the whole bill or declaration. Boyd v. Hoyte, 5 Paige Ch. Rep., 79. "If a bill be liable to be dismissed for multifariousness, it ought to be dismissed *in toto*, and not made the foundation of par-tial relief." Gibbs v. Clagett, 2 Gill & J., 29. A multifarious bill may be dismissed by the court on its own motion if not ob-jected to by the defendant. Story Eq. Pl., 271; Daniel Ch. Pr., 451.

SIMRALL, J., delivered the opinion of the court.

In 1860, Jones, the appellant, sold, under decree of the pro-bate court, as guardian for Robert I., William L. and Frances E. Allen, minors, his wards, certain real estate, on a credit. B. C.

Foster became the purchaser and executed his bonds for the pur-chase money, with Ford and Lowe as his surities. Of these bonds, Jones transferred the one first due (1st Jan., 1861,) to Susan Mor-ton, the greater part of which has been paid.

In the same year, 1860, Jones, as the administrator of W. H. Allen, deceased, sold certain real estate of which his intestate died seized, of which B. C. Foster also became purchaser, and gave two bonds with sureties for the purchase money; one due 1st Jan., 1861, the other the same day the succeeding year. The first of these last named bonds was assigned to Uriah Mill-saps. The greater part of it, however has been paid.

Subsequently Foster sold and conveyed the land purchased by him at the guardian's sale, and part of that bought at administrator's to I. C. Hood. Hood has since died leaving a widow and children who are made defendants.

The amended and supplemental bill, in addition to the fore-going facts, states that one Eli Graves bargained and sold one quarter section of the land, to wit: (S. E. ¼ of sec. 8, town 2, range 3 west), to R. R. and W. C. Allen, who are the ancestors from whom the land descended to the above named wards. That a bond was given to make title when the purchase money was paid, which was long ago done. That Graves is in possession of part of the quarter section, and the residue is in the possession of A. Wheeler, Edmund F. Graves and Dandridge Hodges. The object of the bill is to enforce the statutory mortgages upon the several tracts of land sold and conveyed by Jones as guardian and as administrator, and for a conveyance of the quarter section, to which E. Graves has the legal title.

To the original and supplemental amended bills, demurrers were filed by Foster and Eli Graves, which were sustained by the chancellor on the grounds of multifariousness.

In Roberts v. Starke, 47 Miss. Rep., 261, the principles to be applied as tests of multifariousness are attempted to be stated. Among other rules is this one, "The bill can not join several dis-

tinct, unconnected subjects against the same defendant or against several defendants."

Jones has two mortgage liens on distinct parcels of land, as securities for two separate debts due to him in different rights. Securities for debts due to the complainant as guardian, and as administrator, are as completely in several rights as though one were to protect a debt to him as guardian, and the other a debt to himself personally.

The beneficiaries of the respective funds, that may be realized from the two sales, may be, and in all probability are different persons. The money arising from the guardian's sale would belong to his wards. The money produced by the administrator's sale would properly be devoted to the debts, and that sale was made in the interest of creditors. There is no unity of interest or priority between a guardian and an administrator.

Counsel for appellant are correct in the proposition, that Jones might have united in the same action at law the bonds payable to himself "as guardian," and as "administrator," because these words would have been treated as *discriptio personæ*. A court of law looks exclusively to the legal title, and takes no notice of equities, except as the equitable owner of the fund may appear upon the record as usee.

In Wren v. Gayden, 1 How., 365, it was held that a party could not be pursued in the same suit in the double capacity of guardian and administrator, because the liabities were separate and independent.

There is another rule which this bill violates: "If the complainant claims under one title, he may join several defendants who claim the estate under several and distinct purchases." Dalafield v. Anderson, 7 S. & M., 630; Gaines v. Chew, 2 How., U. S., 619. But this complainant represents in his person separate and independent capacities and rights, and the defendant, Fowler, is pursued in respect to separate and distinct estates acquired in different rights. The complainant does not sue upon two mort-

'gages due to him in the same character, as either guardian or as administrator, upon both of which the defendant is liable, if that were admissible.

But when several subjects are united, it must appear, that as to the subject matters and the relief, that all the defendants are connected, though differently, with the entire subject in dispute. Watson v. Cox, 1 Ired. Eq. Rep., 289; Adams Eq., 601, 602. The defendant Graves and three other parties, are only interested in one-fourth section, part of the land sold, as administrator, and have no concern with the other land embraced in that sale, nor with the lands sold by Jones as guardian. We think there was no error in the decree.

And it is affirmed.