(13 App. Div. 96.)

### ARKENBURGH v. WIGGINS et al.

(Supreme Court, Appellate Division, Second Department. January 19, 1897.)

PLEADING—MISJOINDER OF CAUSES OF ACTION.

Two causes of action are improperly united in a complaint by an executor against his co-executor and the legatees, where it asks an accounting and settlement of the estate, and to have debts of two of the legatees to the testator deducted from their legacies.

Appeal from special term, New York county.

Action by Oliver M. Arkenburgh, individually and as executor of the will of Robert H. Arkenburgh, deceased, against James Wiggins, trustee, and others. The appeal was transferred to the Second department. From a judgment sustaining demurrers to the complaint, and from an order granting defendants an extra allowance of costs, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Robert F. Little, for appellant.
Charles E. Souther, for respondents.

GOODRICH, P. J. The plaintiff, individually and as executor of the last will and testament of Robert H. Arkenburgh, brings this action against his co-executrix, Eliza J. Arkenburgh, the widow, and against the children of the decedent, for an accounting, distribution, and settlement of the estate since January 4, 1894, at which date an accounting was had before the surrogate of Rockland county, and also to compel the payment of the plaintiff's indebtedness to counsel for legal services rendered to and disbursements incurred by him as executor, and for the assignment out of Robert H. Arkenburgh's share of the estate of the amount of a debt alleged to be due from him to the estate on a contract made in the lifetime of the decedent. In July, 1894, the surrogate made an order directing the executors to deposit in the Farmers' Loan & Trust Company all estate moneys then or thereafter to come into their hands. About $70,000 was so deposited, part of which has been distributed, but there remains a balance of about $25,000, which is the subject of this action. This fund, by the order of the surrogate, was payable only on the joint check of the two executors. The plaintiff claims that under section 2730 of the Code, as amended in 1895, and which provides as follows: "In all cases such allowance must be made for their [the executors'] necessary expenses actually paid by them, as appears just and reasonable,"—the surrogate has no authority to order any payments of the counsel fees, expenses, and necessary disbursements of pending litigation, and that, as this is a burden and risk upon the executor, who must advance the money before he can apply to the surrogate for reimbursement, the only remedy is an action in the supreme court for an accounting, distribution, and settlement of the estate.

The demurrer specifies, among other objections, that there is a misjoinder of parties plaintiff, in that the plaintiff sues individually and as executor, that causes of action have been improperly united, and that the complaint does not state a cause of action. The result of plaintiff's contention, if successfully established, would be to withdraw from the surrogate, in a large class of cases, the supervision of testamentary transactions, and impose upon the supreme court, from time to time, and as often as executors deem it necessary, absolutely and at their discretion, a suit for accounting. It is alleged in the complaint that an action was commenced by the plaintiff, individually, against Robert H. Arkenburgh, in which a warrant of at-

tachment was issued to Sheriff Tamsen, and served on Eliza J. Arkenburgh, as executrix, although it is alleged that Robert had assigned to Eliza, individually, all his distributive share in the estate, and also all claims of his against the estate. This is the only interest which the sheriff has in the litigation, and the only reason assigned for making him a party defendant. The complaint also alleges that Robert was, at the death of the testator, indebted to him, and therefore to the estate, in the sum of $596.25, and that said indebtedness should be charged against Robert, in reduction of his legacy under the will. Another allegation is that the defendant William H. Arkenburgh was, at the death of the testator, indebted to him, and therefore to the estate, in the sum of $579.85, and that said indebtedness should be charged against William, in reduction of his legacy under the will. The general term of the First department, in the case of Bingham v. Bank, 41 Hun, 377, cites and reviews authorities upon this question and sums them up by saying:

"What they have chiefly determined is that a cause of action which had accrued to the testator or intestate cannot be united with another accruing to the personal representatives after his decease."

This would seem to be decisive against the plaintiff's joinder of causes of action, and this whether the causes are stated separately, or commingled in one set of general allegations. Some of the defendants, in their different individual or representative capacities, are interested in one of the causes of action, and some of them in another, but not all of the defendants are interested in all the causes of action. Thus, Robert H. Arkenburgh and William H. Arkenburgh are solely interested to defend the cause of action stated against them, as arising out of debts alleged to have been due from them, respectively, to the testator at the time of his death, and to charge the same against their share of the estate, while no other defendant has any interest therein. And this condition is not changed by the allegation that this indebtedness should be charged against them in reduction of their legacy under the will, in respect of which, it is alleged, the surrogate is without jurisdiction. Nor do we see any reason why the plaintiff may not apply to the surrogate for a new accounting, if occasion has arisen for an accounting, as his complaint alleges; nor why he may not apply for a modification of the order requiring payments out of the fund to be made solely upon the joint check of the two executors, if his co-executrix unjustly refuses to unite with him in payment of claims which are a charge upon the estate, under section 2472 of the Code of Civil Procedure, by which ample powers are conferred upon the surrogate to afford any relief in that respect to which the plaintiff is entitled.

There is also an appeal from the order for an additional allowance of $500. Under all the circumstances, we think the judgment and order should be modified so as to reduce the allowance to $250.

Judgment modified by reducing the allowance to $250, and as modified affirmed, without costs. All concur.