MARY E. CARRIER v. BERNSTEIN BROTHERS, ADOLPH BERNSTEIN, and CHARLES BERNSTEIN, Appellants.

**Intoxicating Liquors:** MISJOINDER OF CAUSES. Under Code 1873, section 2630, providing that "causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, provided that they be by the same party, and against the same party, in the same rights, and if suit on all may be brought and tried in that county, may be joined in the same petition," in an action for damages for the sale of intoxicating liquors, where the wife, in one count of the petition, sues as such, under section 1557, allowing her to recover actual damages and exemplary

damages for injury to her person, property, and means of support, caused by sales of intoxicating liquors, to her husband, whereby he was rendered intoxicated, and where in another count, she sues as a citizen of the county and an informer, under section 1539, which provided that persons who sell intoxicating liquors to intoxicated persons or habitual drunkards, shall be liable to a certain forfeit for each offense, to be collected in an action brought by any citizen in the county, one-half of said amount to go to the informer, there was a misjoinder of causes of action, since they v ere not in the same right nor to be brought by the same plaintiff.

ACTION FOR PENALTY: *Venue.* Under Code 1873, section 1539, providing that persons who sell intoxicating liquors to intoxicated persons or habitual drunkards, shall forfeit a certain sum for each offense, to the school fund of the county, to be collected in an action brought by any citizen in the county, one-half of said amount to go to the informer, such action need not be brought in the county where the liquor was sold.

MULCT LAW: *Bar.* Under section 19 of such law, providing that "whenever any of the conditions of this act shall be violated * * * the bar to proceedings as provided in section 17 hereof shall cease to operate as a bar," where defendant sold intoxicating liquors to plaintiff's husband' causing him to become intoxicated, idle, profligate, and neglectful of his business, and so as to impair him in body and mind, and render him unable to obtain remunerative employment, to plaintiff's damage, there was a violation of the mulct law, and the bar ceased to operate.

SAME. Compliance with Act Twenty-fifth General Assembly, chapter 62, known as the mulct law, is not a defense to an action by a a wife, under Code 1873, section 1557, for damages for injury to her means of support caused by means of the illegal sale of intoxicating liquor to her husband, or to an action under section 1539 for the penalty for selling intoxicating liquor to an intoxicated person, or to one in the habit of becoming intoxicated.

PURCHASE BY THIRD PERSON. In an action by a wife, under Code 1873, section 1557, for damages for the sale of intoxicating liquors to her husband, the fact that the liquor drank by the husband was bought by other persons, does not preclude a recovery

PLEA AND PROOF. The averment in a petition in an action to recover damages for the statutory penalty for illegal sales of intoxicating liquor, that the sales were made in the spring and summer of a certain year, is sufficiently definite as to time.

SAME. Evidence that sales were made by the defendant's employes is admissible under the averment in a petition for damages, or for the statutory penalty prescribed for the illegal sale of liquor, that the defendant sold the liquor.

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

FRIDAY, JANUARY 28, 1898.

THE plaintiff, a citizen and resident of Marshall county, Iowa, and wife of John Carrier, filed her petition, in two counts, to recover from the defendants for alleged sales of intoxicating liquors made by them in said county, in a place described, to her said husband. In the first count, she asks to recover, under section 1557 of the Code of 1873, for damages to her person, property, and means of support, caused by illegal sales of intoxicating liquors to her husband by the defendants, whereby he was rendered drunken, intoxicated, idle, profligate, and wholly neglected his business, and was broken down in body and mind. In the second count she asks to recover for herself and the school fund of the state, under section 1539 of said Code, for alleged sales of intoxicating liquors by the defendants to said John Carrier when intoxicated and in the habit of becoming intoxicated. Defendants moved to strike said first count, or that the plaintiff be required to elect upon which count she would proceed, upon the grounds that there was a misjoinder of parties and of causes of action. This motion being overruled, the defendants moved for more specific statement as to the time and place of the sales, by which defendant sales were made, and the kind and quantity of liquors sold. This motion was overruled, and the defendants answered, admitting that they were conducting a wholesale and retail liquor store at the place described, in said county, and denying every other allegation in the petition. They further answered that their said place and business were conducted in accordance with chapter 62, Laws Twenty-fifth General Assembly, and that, therefore, the plain-

tiff has no right of action against them. A verdict was returned upon the first count in favor of the plaintiff for five hundred dollars, and judgment rendered thereon against the defendants, "in favor of plaintiff, in her own right, in the sum of $500, and for costs of action." A verdict was also rendered as follows: "We, the jury, find for the plaintiff, for the use of the school fund, upon the second count of the petition, in the sum of four hundred dollars ($400)." Judgment was rendered thereon as follows: "Judgment is also entered against all of said defendants in the further sum of $400, for the use of the school fund." To these judgments the defendants excepted, and from them they appealed.—*Reversed.*

*Anthony C. Daly* and *Theodore F. Bradford* for appellants.

*Meeker & Meeker* for appellee.

GIVEN, J.—Appellants' first contention is that the court erred in overruling defendants' motion to strike the first count, or to require the plaintiff to elect upon which count she would proceed, insisting that there is a misjoinder of parties, and of causes of action. Section 2630 of the Code of 1873 provides as follows: "Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, provided that they be by the same party, and against the same party in the same rights, and if suit on all may be brought and tried in that county, may be joined in the same petition." Said section 1557 (Code, 1873), upon which the first count is based, gives to every wife who shall be injured, in person, or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, the right of action in her own name

against any person who shall, by selling intoxicating liquors, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages, to be recovered by civil action in any court having jurisdiction thereof. It will be observed that the wife thus injured is the only proper person plaintiff in such an action, and that the right of recovery is to her, and to her alone, and for her own exclusive benefit. Section 1539 (Code, 1873), upon which the second count is based, declares it unlawful for any person to sell intoxicating liquors to any intoxicated person, or to any person who is in the habit of becoming intoxicated. It provides that any person violating this provision shall forfeit and pay to the school fund the sum of one hundred dollars for each offense, to be collected by action against him by any citizen in the county. "One-half of the amount so recovered shall go to the informer, and the other half shall go to the school fund of the county." While it may be said that these causes of action may be prosecuted by the same kind of proceedings, we think that they are not by the same party as plaintiff, nor in the same right. In the first count the plaintiff sues in her own name, and no other person could properly be joined with her as plaintiff. The second count is not to recover an amount due to her, but a forfeiture payable to the school fund. The language of section 1539 is: "Any person violating the provisions of this section shall forfeit and pay to the school fund the sum of one hundred dollars for each offense." In the second count plaintiff does not sue as wife, but as "citizen in the county," and as informer. Such an action might be properly entitled in the name of the citizen, as informer, for the use of the school fund of the county, naming it, as plaintiff. If it may be said that, because of plaintiff's right as citizen to bring the action as in the second count, the two actions are by the same party, surely it cannot be said that they are in the

same right. The first is in the right as wife for dam-
ages to her person, property, and means of support, and
is a right existing solely and exclusively in favor of the
plaintiff, for injuries actually suffered by her. The
second is in the right of the county, not to damages, but
to the forfeiture to its school fund. The citizen prose-
cuting such an action as informer has no personal right
of recovery. He cannot recover anything in his own
right, and it is only when recovery is had in favor of the
school fund that the informer is compensated by receiv-
ing one-half the amount recovered. The judgment
rendered on the verdict returned upon this second
count is not in favor of the plaintiff, Mary E. Carrier,
but is against the defendants, "for the use of the school
fund." Mrs. Carrier is not even named in that judg-
ment, nor does it even provide that she shall receive one-
half the recovery as informer. It seems to us quite
clear that these two causes of action are not in the same
right. It is suggested that this case is not unlike those
wherein judgment may be rendered in favor of the state
for the use of the school fund of the county, when
it is ascertained that the contract sued upon is
usurious. Section 2080 of the Code of 1873 expressly
authorized the court to render such a judgment in the
suit on the usurious contract, and no action is required
to be brought for the use of the school fund. The cases
would be similar if the statute provided that judgment
for forfeitures, under section 1539, might be recovered
in an action under section 1557. It is only when all the
suits may be brought and tried in the same county that
they may be joined in the same petition. Now, it is
true, because of the citizenship of the plaintiff and the
residence of the defendants being Marshall county,
these cases were properly brought and tried in that
county. Appellants insist that an action under section
1557 must be brought in the county where some of the
defendants reside, and that an action under section

1539 must be brought in the county where the liquor was sold, and that, it being possible that such actions could not be brought and tried in the same county, therefore they cannot be joined, even when the parties all reside in the same county. The fault of this contention is in assuming that an action under section 1539 must be brought and tried in the county where the liquor is alleged to have been sold. Said section provides that the action may be "by any citizen in the county," but does not provide that it must be brought and tried in the county where the liquor is alleged to have been sold. So far as the place of bringing and trying this action is concerned, there was no misjoinder, but holding, as we do, that the two actions are not in the same right, it follows that there was a misjoinder of these causes of action, and that defendants' motion to require plaintiff to elect upon which count she would proceed should have been sustained.

II. As already stated, the defendants pleaded compliance with chapter 62, Acts Twenty-fifth General Assembly, known as the "Mulct Law," as a defense. This plea the court disregarded throughout the trial, and instructed to the effect that the mulct law does not have the effect to repeal or supersede said sections 1539 and 1557, and does not release any person violating said section from the liabilities therein mentioned. Of this action of the court appellants complain, and insist that the mulct law is a license law, and that, as against one who has complied therewith, "there is no civil action for damages, unless the sale is to some prohibited person." It is argued that sales made under the mulct law, except to prohibited persons, are legalized, and that there is no liability under section 1557, except for illegal sales. The right of action given in section 1557 is grounded upon the fact that injury has been sustained by reason of the intoxication of some person, and the remedy is against the

person, who, by selling the liquor, caused the intoxication. It is not questioned but that sales to minors, intoxicated persons, persons in the habit of becoming intoxicated, and knowingly to those who have taken any of the recognized cures for drunkenness, are unlawful. Prior to the enactment of the mulct law, only those holding permits could sell at all, and they only to others than the prohibited classes, and for specified purposes, which did not include use as a beverage. The statute prohibits the business of keeping a place for the unlawful sale, or keeping for unlawful sale, of intoxicating liquors, and provides for proceedings to abate such a place and business as a nuisance. Section 17. of the mulct law provides that compliance therewith shall "be a bar to proceedings under the statute prohibiting such business." Such "proceedings" are the "certain penalties" that section 16 says may be suspended. Whether this bar may be pleaded to any other proceeding than for nuisance we do not determine, but it is certainly clear that it is no bar to the recovery of damages under section 1557. Section 19 of the mulct law provides that "whenever any of the conditions of this act shall be violated * * * the bar to proceedings as provided in section 17 hereof shall cease to operate as a bar." If it be true, as alleged, and as found by the jury, that defendants sold intoxicating liquors to plaintiff's husband, causing him to become intoxicated, idle, profligate, and neglectful of his business, and so as to impair him in body and mind, and to render him unable to obtain remunerative employment, to the damage of the plaintiff, they surely violated the conditions of the mulct law, wherefore the bar ceased to operate. Plaintiff, in an amendment, alleged that said sales were made to her husband by the defendants, "who knew at the time he had taken one of the recognized cures for drunkenness." There was no evidence to show knowledge as alleged, and therefore this allegation of the petition

was not presented to the jury. We do not understand appellants to contend that compliance with the mulct law would bar a recovery, in a proper case, under said section 1539, as in that case the sale must be to a minor, intoxicated person, or person who is in the habit of becoming intoxicated, which it is conceded would be unlawful. We think there was no error in disregarding the plaintiff's plea of the mulct law as a defense, nor in giving the instructions mentioned above.

III. There was no error in overruling defendant's motion for more specific statement as to the time of the sales complained of. They were alleged to have been made in the spring and summer of 1895, which was sufficiently definite. Appellants complain that, under the allegation that the defendants sold the liquors, plaintiff was permitted to prove that sales were made by their employes. This evidence was admissible, under the pleadings, and the provisions of the statute. The evidence shows that some of the liquors drank by the plaintiff's husband were bought by other persons, and it is contended that this was not selling beer to Jack Carrier. There is no merit in this contention, as is shown by the familiar provisions of our statute and the repeated decisions of this court. Other errors assigned need not be considered, in view of the conclusions we have reached, as they will not occur upon a re-trial. For the error pointed out in the first paragraph of this opinion, the judgment of the district court is REVERSED.