### CHATTERTON v. CHATTERTON et al.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

PLEADING—JOINDER OF CAUSES OF ACTION.

    A complaint against executors and others demanded judgment construing a will, and declaring the rights and powers of the executors and of several of the defendants, the removal of the executors, the reconveyance by M. (one of the defendants) of property derived through the executors by an alleged unlawful transfer, the compulsory cancellation by another defendant of a mortgage on such real estate as a cloud on the title, and an account by one of the executors for the value of certain permanent fixtures removed and appropriated by him. *Held*, that, as the complaint set forth but one cause of action,—to set aside the conveyances under which M. claimed, and to compel her to account for the waste committed on the property,—it was not demurrable on the ground that causes of action had been improperly united.

    Goodrich, P. J., dissenting.

Appeal from special term.

Action by Jennie L. Chatterton against Nellie Mar Chatterton, individually and as executrix, and others. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Fred E. Ackerman, for appellant.

S. A. Crummey, for respondents.

PER CURIAM. We think there is but one cause of action set out in this complaint; that is to say, an action to set aside the conveyance made by the executors to Jane Spencer under the pow-

er of sale granted by the will, and the conveyance from Jane Spencer to the defendant Nellie Mar Chatterton, as fraudulent as against the remainder-men, and compel that defendant to account for the waste committed on the property so fraudulently transferred to her. The fixtures for which it is sought to compel that defendant to account were not personal property, but part of the realty, and for their value as such is the defendant sought to be made liable. The prayer for the construction of the will is stated inartificially in the complaint. The real question is whether the real estate, the conveyances of which this action is brought to set aside, is under the will chargeable with the debts and funeral expenses of the deceased, in exoneration of the personalty. That question may be determined in this action, since on the determination of that question the legality of the conveyance by the executors may depend. It is true, the only question the adjudication of which the complaint asks is whether the personal property passed to the executors without being liable for the debts and funeral expenses; but an answer to this question necessarily involves a determination of whether the real estate is primarily liable for those charges.

The interlocutory judgment sustaining the demurrer should be reversed, and judgment given for plaintiff on demurrer, with costs, with leave to defendants to withdraw demurrer, and answer, on payment of costs and of this appeal.

GOODRICH, P. J. (dissenting). The demurrer raises the question whether several causes of action can be united in the same complaint. Referring to the prayer of the complaint, we find that it demands judgment—First, construing a will, and declaring the rights and powers of the executors, and of several, but not all, of the defendants, as the persons interested in the estate under the provisions of the will; second, the removal of the executors for misconduct, and the appointment of a trustee in their place; third, the reconveyance by one of the defendants of real property which is claimed to have been unlawfully transferred by the executors, and conveyed to her, in fraud of the rights of the other persons interested in the estate; fourth, the compulsory cancellation by a bank of a mortgage on such real estate, as a cloud on the title, and which was executed to it by one of the defendants, to whom the same was thus unlawfully transferred; fifth, an account by one of the executors, for the value of certain permanent fixtures removed by her, and appropriated to her own use. Clearly, such a union of causes of action in the same complaint is not within or permitted by the provisions of section 484 of the Code of Civil Procedure. They do not belong to the same class; they do not all affect all the parties to the action; they do not arise out of the same transaction; nor are they connected with the same subject of action. Arkenburgh v. Wiggins, 13 App. Div. 96, 43 N. Y. Supp. 294.

I think the judgment should be affirmed.