(89 App. Div. 28.)

### GROH v. FLAMMER.

(Supreme Court, Appellate Division, First Department.   December 11, 1903.)

1. FRAUD—TRANSFER OF STOCK—RESCISSION—PLEADING—MISJOINDER OF PAR-
   TIES.
      Where an action is brought by one individually, and as executrix, for
   the rescission of transfers to the defendant of stock in a corporation
   by herself and her testator, both procured by fraudulent representations
   to her, the complaint not alleging that the testator knew of or acted on
   them, there is a misjoinder of parties plaintiff.

2. SAME.
      A complaint in an action by one individually, and as executrix, to
   rescind transfers to the defendant of stock in a corporation by herself
   and her testator on the ground of fraudulent representations, where
   there is no averment in the complaint that any fraudulent representa-
   tions were made to the testator to induce him to sell, nor any averment
   that the fraudulent representations made to plaintiff were intended to
   be repeated to such testator, or that such representations induced him
   to part with his stock, or that any representations were made by plain-
   tiff to testator as coming from defendant, the action, in so far as it re-
   lates to the testator, will not lie.

Appeal from Special Term, New York County.

Action by Julia A. Groh, individually, and as executrix of John
Groh, deceased, to set aside certain transfers of stock in a corpo-
ration. From an interlocutory judgment sustaining a demurrer to
the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Abram I. Elkus, for appellant.

Thomas F. Keogh, for respondent.

HATCH, J.   The plaintiff brings this action individually, and as
executrix of the last will and testament of John Groh, deceased.
The complaint, in substance, avers that the plaintiff, Julia A. Groh,
and her husband were partners in a brewery business; the death
of the husband, and the succession to the partnership of her two
sons, Michael and John; the death in 1896 of the son Michael, and
the continuance of the business by the surviving partners; the sub-
sequent transfer of the same to a corporation, organized for the pur-
pose of taking over the property and conducting the business; the
issue of capital stock and mortgage bonds in their respective
amounts.   Upon the organization of the corporation, John Groh was
made the president, treasurer, and a director, and conducted the
business of the corporation.   The complaint then avers that the
plaintiff had no knowledge of the details of the partnership business
or of the corporation; that the same in detail of management had
been in the hands of her husband and her sons; that the defendant
had been for many years an attorney and counsellor at law, and the
legal adviser of her husband, her two sons, and herself; that in Feb-
ruary, 1897, she consulted the defendant in his professional capacity
concerning her rights in the corporation, and requested him to in-

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 1673.

vestigate its affairs and take such steps as might be advisable for the protection of her interest therein; that the defendant made such investigation, and in April, 1897, proposed to purchase all of plaintiff's bonds and stock which she owned of the corporation; that, in order to induce such sale, the defendant falsely and fraudulently represented to the plaintiff that such sale and transfer was the best method of promoting and preserving her interest and the interest of her family in the corporation; that, in order to protect the plaintiff's interest, he would take the place of her deceased son Michael J. Groh, would conduct the business and follow in the footsteps of her said son in caring for her rights and interests, and that he would neither require nor accept a salary as an officer of the corporation; that plaintiff's son John Groh should remain president, and that the defendant would act solely to further the interest of the plaintiff in the business, and relieve her from all care in connection therewith; that, having faith in the defendant and relying upon such representations, and being without knowledge of her holdings in the corporation, and induced by the defendant, the plaintiff sold to him all her shares of stock and all her bonds for the sum of $150,000, $100,000 of which was paid in cash and securities, and $50,000 in a promissory note made by the defendant, payable six months from the date thereof. The agreement of transfer is set out in full and made a part of the complaint. By virtue of its provisions the plaintiff agreed, in addition to the matters above set forth, to procure from her son John Groh seven additional shares of the capital stock of the corporation; that these seven shares, in addition to the shares transferred by the plaintiff, gave to the defendant a controlling interest in the capital stock of the corporation. The complaint further avers other acts and things which the defendant obligated himself to do under the contract, but which are not now material. The complaint further avers that the plaintiff fulfilled her contract, transferred the stock and bonds, and procured the seven shares of stock of her son and transferred them to the defendant. It is further averred, upon information and belief, that the purchase price of the property was less than one-third of its actual value; that, after the defendant had acquired the property, he abandoned the duty of taking care of her interest as her attorney, and taking the place of her deceased son in the conduct of the business of the corporation; that he had himself elected president in place of the plaintiff's son John Groh in 1899, and caused a salary of $15,000 a year to be paid to himself, which thereafter he had raised to $25,000 per year; that the defendant has refused to allow the plaintiff or any of her family representation upon the board of directors; that he has caused his own family to be elected officers of the corporation at large salaries; that he has not declared any dividends out of the surplus earnings of the corporation, which the plaintiff believes to be very large, but has conducted the corporation for his own personal benefit, and has endeavored to prevent the shareholders from participating in the profits of the corporation, and has used the money in the payment of large salaries to himself and relatives, and has made large and arbitrary accounts for machinery; that the defendant has already received in

salary and has expended for machinery a sum much laiger than what he has paid to the plaintiff for her interest in the property. The complaint then avers the death of her son John Groh on the 27th of February, 1900, the admission of his will to probate, and the qualification by the plaintiff Julia A. Groh as executrix thereunder. She offers in the complaint to restore to the defendant all that she has received on account of this transaction, or so much as the court shall determine to be proper. Judgment is demanded that the sale of the stock and bonds be set aside; that the defendant assign to the plaintiff all of the stock and bonds transferred to him, and that he assign to her as executrix the seven shares of stock which were assigned to him by John Groh, deceased; that the defendant account to the plaintiff for the profits upon the stock and bonds now held by him and to her as executrix for the profits upon the said seven shares of stock, and for all gain which has accrued to him as salary or otherwise. The defendant demurred to the complaint upon the grounds: First, a misjoinder of parties plaintiff; second, that causes of action are improperly united. The court below sustained the demurrer, upon the ground that there was a misjoinder of parties plaintiff.

We are of opinion that the learned court below was correct in the disposition which it made of the demurrer. There is a misjoinder of parties and of causes of action, for the reason that the action seeks to set aside the transfers of property made by defendant individually, and also the transfer of the stock made by John Groh, based upon false and fraudulent representations made to Julia A. Groh individually. There is no averment in the complaint that the representations which are claimed to be false and fraudulent were made to any one except Julia A. Groh; on the contrary, the complaint is solely of representations made to her, which induced her to transfer the property which she owned, and to procure the transfer of property owned by her son John Groh. It is disclosed by the complaint that she alleges a good cause of action individually against the defendant, but such cause of action is not joint, in favor of herself individually and as executrix of the will of her son; consequently, no joint interest in the cause of action is established by the averments of the complaint. Gray v. Rothschild, 112 N. Y. 668, 19 N. E. 847. It was held in Arkenburgh v. Wiggins, 13 App. Div. 96, 43 N. Y. Supp. 294, that a cause of action which had accrued to a testator or intestate could not be united with one accruing to the personal representative after his decease, and this doctrine was affirmed by the Court of Appeals (162 N. Y. 596, 57 N. E. 1103). It is equally plain that a joint cause of action cannot exist in favor of Julia A. Groh as an individual, based upon fraudulent representations to her alone, and also in favor of herself as representative of the estate of her son for a fraud practiced upon him. Such a cause of action is based upon a wrong done to separate individuals, and it is in no sense joint; consequently, there is a clear misjoinder of parties, and, if there was a cause of action stated in favor of the plaintiff as executrix, there would also be a misjoinder of causes of action. It was held in Bradley v. Bradley, 165 N. Y. 183, 58 N. E. 887, that where two stockholders acted in unison, and were induced by false representations made to one of

them, which was intended to influence the action of both,. to make a
sale of their respective shares of stock under an agreement made by
one or both at a consideration far below its actual value, such persons
might be joined as plaintiffs in an action to obtain a rescission of the
transfer and for a restoration of the stock. Therein,. however, it
clearly appeared that the representation, although made to one, was
intended to be to both, in consequence of which the deceit was held
to be single in act and utterance, and joint in its operation and effect.
The present complaint, however, falls short of stating a cause of
action within that decision in favor of the plaintiff as executrix.
There is no averment in this complaint that any fraudulent repre-
sentations were made to John Groh to induce him to sell his seven
shares of stock, nor is there any averment showing that the fraudulent
representations made to Julia A. Groh were intended by the defend-
ant to be repeated to John Groh, or that such representations induced
him to part with his stock, or that in fact any representation was
made by Julia A. Groh to John Groh as coming from the defendant,
so that there is nothing in this complaint which can bring it within
the decision last above noted.

It follows that the determination of the court below was correct,
and, therefore, the interlocutory judgment should be affirmed, with
costs, with leave to the plaintiff Julia A. Groh to serve an amended
complaint within 20 days, upon payment of the costs in this court and
in the court below. All concur.

---

(89 App. Div. 7.) •

BOSSERT et al. v. HAPPEL et al.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. MECHANIC'S LIEN—NOTICE OF LIEN—SUFFICIENCY.

Appeal from Special Term, New York County.

Action by Louis Bossert and another against Adam Happel, im-
pleaded with others. From a judgment in favor of defendant Happel
(82 N. Y. Supp. 872), plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Alfred B. Cruikshank, for appellants.
Frank M. Avery, for respondents.