(100 App. Div. 305)

### GROH v. FLAMMER.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. ACTION—MISJOINDER OF CAUSES.

Where a complaint seeks to set aside a sale of stock and bonds and to compel the defendant to account for property of the corporation received by virtue of defendant's control of the corporation acquired by a transfer of stock in violation of an alleged agreement with plaintiff, it is demurrable for misjoinder of causes of action.

Appeal from Special Term, New York County.

Action by Julia A. Groh individually and as executrix of the estate of John Groh, deceased, against J. George Flammer. From an interlocutory judgment overruling demurrer to complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

Austen G. Fox and Thomas F. Keogh, for appellant.
Abram I. Elkus, for respondent.

INGRAHAM, J. The defendant demurs to this complaint upon the grounds: First, that upon the face of the amended complaint causes of action have been improperly united; second, that upon the face of the amended complaint there is a misjoinder of parties plaintiff; and, third, that there is a defect of parties defendant. That demurrer was overruled, and from an interlocutory judgment entered thereon the defendant appeals.

This case was before this court upon an appeal from a judgment sustaining a demurrer to the original complaint. 89 App. Div. 28, 85 N. Y. Supp. 305. That demurrer was sustained upon the ground that there was a misjoinder of parties and causes of action. The plaintiff, in pursuance of permission given upon the former appeal, has amended her complaint, and it is to the amended complaint that the defendant has interposed this demurrer. The action is brought to set aside and declare void an instrument whereby the plaintiff, Julia A. Groh, sold to the defendant certain bonds and stock of a corporation known as M. Groh's Sons, belonging to her, and seven shares of stock of the corporation which she procured to be assigned to the defendant by her son, John Groh, deceased, upon the ground that the defendant induced the plaintiff to make such contract by false and fraudulent representations. It is not disputed that the complaint sets out a good cause of action against the defendant for the cancellation of that agreement; and I think it was proper to join the plaintiff individually and as executrix of John Groh, deceased, as plaintiffs in the action, as she would be entitled to recover as executrix the seven shares of stock transferred by John Groh to the defendant, if the sale of the stock should be set aside, it being alleged that the fraud which induced the plaintiff to sell her stock to the defendant also induced John Groh, deceased, to transfer to the defendant the seven shares of stock which he had sold. Upon the transaction being set aside, the plaintiff would be entitled to a retransfer of the securities which she sold to the defendant, and the estate of John Groh would be entitled to recover the seven shares of stock that he transferred to the defendant.

The complaint, in addition to these allegations setting up this cause of action, alleges an agreement between the plaintiff and the defendant, by which the defendant agreed, as a consideration of inducing the sale, that he (the defendant) would take the place of his friend, Michael J. Groh, the plaintiff's deceased son, in the conduct of the said business, and would follow in the footsteps of the said Michael J. Groh in caring for the rights and interests of the plaintiff; that he (the said defendant) would neither require nor accept a salary as an officer of the corporation; and that plaintiff's son John Groh should remain president of the said corporation, and that he (the said defendant) would act solely to further the best interests of the plaintiff and her family in the said business, and to relieve her from the burden thereof, and any care or worry concerning the same—all of which promises and representations plaintiff, believing them, communicated to her son John Groh; that the defendant, after thus fraudulently acquiring a majority of the capital stock of the corporation and the absolute control thereof, evinced in various ways hostility to the interests of the plaintiff or her family, causing himself to be elected president of the corporation, and causing a salary of $15,000 for the year 1899 to be paid to him, and $25,000 subsequent to the year 1899, causing members of his own family to be elected officers of the corporation, paying large salaries to them; that since the

defendant acquired control of the corporation it has never declared any dividends out of its surplus earnings, which the plaintiff believes are very large; and that the defendant has conducted the said corporation solely for his personal benefit, and has endeavored in every way to prevent shareholders from participating in the profits of the said business by the payment of large salaries to himself and his relatives, and by writing off the surplus earnings against arbitrary accounts of machinery, real estate, good will, and wear and tear; that the defendant has already received in salary and interest upon his holdings from the said corporation a sum greatly in excess of the amount which he paid the plaintiff for her stock and bonds. The complaint also alleges that about the 27th day of February, 1900, John Groh died, leaving a last will and testament, whereby the plaintiff was appointed sole executrix; that the cause of action set forth arises from the fraud and deceit which the defendant practiced upon the plaintiff individually and through the plaintiff upon the said John Groh; and that the said John Groh relied upon said misrepresentations which the defendant had made to the plaintiff individually, and which she repeated to him. There is no allegation that the plaintiff is an officer, director, manager, or stockholder in the corporation. The relief demanded is that the agreement, and the transfers of property thereunder, be declared void, and of no effect; and that the defendant turn over and assign to the plaintiff in her individual capacity the stock that she owned and transferred to him, and assign and transfer to the plaintiff, as executrix and sole legatee under the last will and testament of John Groh, deceased, seven shares of the capital stock of M. Groh's Sons, the corporation; and further requiring the defendant to account to the plaintiff for the proceeds of, and profits upon, said shares of stock transferred by her to him, and to account to the plaintiff, as executrix and sole legatee under the last will and testament of John Groh, deceased, for the proceeds of, and profits upon, seven shares of the capital stock transferred by John Groh to the defendant; and also that the defendant account to the plaintiff individually and as executrix and sole legatee of John Groh, deceased, for all gain and profits which have accrued to him either by way of salary, allowances, or otherwise because of any transfer of property under the agreement set forth in the complaint.

There are two distinct causes of action which plaintiff has sought to allege and upon which she asked to recover—one to set aside the sale of stock and bonds; and the other to compel the defendant to account for the property of the corporation that he has received by virtue of his control of the corporation acquired by this transfer of stock in violation of what is alleged as an agreement with the plaintiff. It is quite evident that it is the corporation that is entitled to receive the corporate property that the defendant, by virtue of his control of the corporation, has improperly diverted to himself or his relations. Any action to recover that property must be by or on behalf of the corporation, for it is to the corporation that the defendant is liable. The plaintiff individually, hav-

ing disposed of all her stock in the corporation, certainly could not maintain an action for a violation of any duty of the defendant to the corporation. Nor would she be entitled to compel the defendant to account for property that he had diverted from the corporation, whether it was a violation of his agreement with her or not. But assuming that the plaintiff had a cause of action against the defendant for a violation of his promise not to become an officer of the corporation, but to use the control of the stock that he acquired for the interest of the plaintiff and her family, such a cause of action would vest in her individually, and is entirely distinct from the cause of action to set aside the transfer of stock and bonds from the plaintiff to the defendant, and in such a cause of action the estate of John Groh is not a proper party either as plaintiff or defendant. The plaintiff thus seeks to recover in one action two distinct causes of action, which require the application of different legal principles, affect different parties, and require different relief. Whether or not the facts alleged are sufficient to sustain this second cause of action need not be determined on this demurrer. It is enough to say that the pleader has sought to unite in one complaint causes of action which cannot be united, and that for that reason the demurrer should have been sustained.

The judgment appealed from should therefore be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint upon payment of costs in this court and in the court below. All concur.