ARCHER *v.* CITY OF GRAND RAPIDS.

1. Appeal and Error—Objections Not Raised in Court Below Not Considered.
    Objections to filing supplemental bill without special leave of court, not having been raised in court below, may not be considered on appeal.

2. Injunction—Temporary—Permanent.
    Notwithstanding refusal of temporary injunction, permanent injunction may subsequently be issued if proofs warrant it.

3. SPECIFIC PERFORMANCE—SUPPLEMENTAL BILL—RELIEF PRAYED.

In suit against city for specific performance of contract to purchase site for public building, supplemental bill to enjoin construction of building on another site was properly dismissed, since relief asked therein had no bearing on question of specific performance.

4. ACTION—PUBLIC WRONG AND PRIVATE GRIEVANCE MAY NOT BE JOINED.

Taxpayers' suit to enjoin public wrong may not be joined to one brought to remedy private grievance.

Appeal from Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted August 31, 1931. (Docket No. 153, Calendar No. 35,979.) Decided October 5, 1931.

Bill by Hugh H. Archer and others against the City of Grand Rapids and another for specific performance of an option to purchase land and for other relief. Supplemental bill by plaintiffs against defendant city to enjoin erection of a certain public building. Decree dismissing supplemental bill. Plaintiffs appeal. Affirmed.

*Fred P. Geib,* for plaintiffs.

*Ganson Taggart (Fred N. Searl,* of counsel), for defendant.

BUTZEL, C. J. The city of Grand Rapids, being desirous of building a civic auditorium, negotiated with Hugh H. Archer, and other owners, plaintiffs herein, to purchase their respective parcels of property in the west side of the city. The city vacated public thoroughfares affording access to plaintiffs' properties, but has not closed them. The plaintiffs claim that the city entered into binding contracts of purchase and sale, while defendant city claims that

it only secured options, of which it never availed itself, but which by subsequent action it expressly decided not to exercise. This question is being litigated, and we are not concerned with it in the present proceedings.

After agreements, whether options or contracts, to purchase had been obtained, injunction proceedings were brought by William S. Decker and others to restrain the purchase of plaintiffs' properties. According to the allegations in plaintiffs' bill of complaint, a decree was entered on December 26, 1930, dismissing the Decker suit. On February 17, 1931, defendant Herald Publishing Company also filed a bill and enjoined purchase of plaintiffs' properties. Defendant city of Grand Rapids in its answer asked for dismissal on the ground that the subject-matter had been disposed of in the Decker suit. Thereupon the publishing company sought to intervene in the Decker suit and asked for rehearing. Neither the Herald Publishing Company's bill nor its motion for intervention and rehearing in the Decker suit have been finally disposed of. Plaintiff filed the present suit for the specific performance of the contracts alleged to have been entered into by the city of Grand Rapids for the purchase of their respective properties. In their bill they also ask that the publishing company be required to withdraw and dismiss its proceedings, and, together with the city, pay such damages as have been caused plaintiffs. Both the city and publishing company in their respective answers deny that there were any binding contracts of purchase. They claim there were only options which the city did not exercise. The city further shows that, subsequent to the filing of plaintiffs' suit, by the unanimous vote of the city commission, it was decided to purchase what is

known as the interurban site, where it is now constructing an auditorium. The publishing company claims its action was wholly in the interests of the city, in order to prevent the purchase of properties at prices far in excess of their actual worth. After the filing of the answers, the plaintiffs, without first securing leave of the court, filed a supplemental bill asking that further work on the construction of the civic auditorium on the interurban site be enjoined. Dismissal of the supplemental bill is the sole question presented to us in the instant case.

The objection to the filing of a supplemental bill without special leave of the court was not raised in the lower court and cannot now be considered. An order to show cause was issued by the trial court on the filing of the supplemental bill, and the city answered without making any objection to the plaintiffs' failure to secure leave of court to the filing of the supplemental bill. Immediately after the filing of plaintiffs' original bill, the city, by appropriate resolution, decided not to purchase plaintiffs' properties but to buy the interurban site instead. Plaintiffs in their supplemental bill claim that the purchase of the latter site was hurried so as to defeat any action on plaintiffs' part, and that the adoption of the interurban site was influenced by offers of the Pantlind Hotel Company, and others, to pay the city large sums of money in consideration of the location of the site near the hotel property; that the selection of the interurban site was for the private benefit of the Pantlind Hotel Company, the Pantlind Exhibition Building Company, and the company owning the Fine Arts Building. They further claim that there was no lawful reconsideration of the action to purchase plaintiffs' properties, that the selection was contrary to plaintiffs' rights as

citizens and taxpayers, etc. The city moved to dismiss the supplemental bill on the grounds that the claims stated therein were in no way related or prejudicial to specific performance or recovery of damages as asked in the original bill of complaint; that the relief asked for is inconsistent with that sought in the original bill, to which the supplemental bill is at variance.

The trial judge stated that the sole question in the original bill was whether the city was bound by contract to purchase, and that, if it was, plaintiffs would have a complete relief, and that the tying up of the building operations on the new site and the causing of damages through the delay, etc., as asked by the supplemental bill, could in no way affect the city's liability to plaintiffs, if there was any; that no temporary injunction would be issued on the supplemental bill in the first instance, and if the bill was insufficient to justify the issuance of a temporary injunction, no permanent one would be issued later on. He dismissed the supplemental bill, and plaintiffs appeal.

Notwithstanding the fact that a temporary injunction may frequently be refused in the first instance, but a permanent injunction may subsequently be issued if the proofs warrant it, the judge was correct in dismissing the supplemental bill. The relief asked in the supplemental bill had no bearing on the question of specific performance. The city, the same as an individual, may purchase two different sites, and if it is legally bound to purchase the "west side" site, it would not be released because it subsequently purchased the "interurban site." The only capacity in which plaintiffs might ask the relief prayed for in the supplemental bill would be as taxpayers, but they cannot join a taxpayers' suit

to enjoin a public wrong to one brought to remedy a private grievance. In the case of *General Investment Co.* v. *Railway Co.,* 260 U. S. 261 (43 Sup. Ct. 106), the court refused to allow the filing of a supplemental bill which would change the nature of the suit from one by a shareholder for damages accruing to him as an individual to one on behalf of the corporation. The court said at page 282:

"By it (the supplemental bill), as we have shown, the plaintiff sought to shift the right in which it was suing and to change the character and object of the suit."

To like effect are: *Austin* v. *Hayden,* 190 Mich. 528; *Cassels* v. *Vernon,* 5 Mason (U. S. C. C.), 332; *Jones* v. *Foster,* 50 Miss. 47; *Van Mater* v. *Sickler,* 9 N. J. Eq. 483; *Hawarden* v. *Coal Co.,* 111 Wis. 545 (87 N. W. 472, 55 L. R. A. 828); *Groh* v. *Flammer,* 100 App. Div. 305 (91 N. Y. Supp. 423); *Carrier* v. *Bernstein,* 104 Iowa, 572 (73 N. W. 1076).

In *City of Fort Smith* v. *Brogan,* 49 Ark. 306 (5 S. W. 337), and also in *Mitchell* v. *Williams,* 46 S. W. (Tenn. Ch. App.) 325, it was held that a suit for the redress of a private wrong by an individual could not be joined with one by the same individual as a taxpayer. In *City of Fort Smith* v. *Brogan, supra,* the court said:

"A complaint by the taxpayers of a district to enjoin the opening of the street or the sale of the fractional lots could not be joined with the appellee's effort to redress a private grievance; and if permitted to stand unchallenged in the complaint with it, it could not be looked to for the purpose of helping out their case. The two controversies have no relation to each other, and each must stand or fall without aid from the other. The effort was to make the question of public interest subserve the

purpose of the individual suit. This could not be done, and we withhold the expression of opinion upon the public branch of the case until the question of the opening of the street is legitimately presented."

The decree of the court in dismissing the supplemental bill is affirmed, with costs to defendants.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.