STURTEVANT–LARRABEE COMPANY v. MAST, BUFORD & BURWELL
COMPANY and Others.[1]

December 11, 1896.

Nos. 10,400, 10,401—(130, 131).

Corporation—Liability of Stockholders—Who may Enforce—Assign-
ment for Creditors.

Following Minneapolis Paper Co. v. Swinburne P. Co., supra, p. 378, held,
where the assets of a corporation not a moneyed corporation have been se-
questered by an assignment under the insolvency law, an action may be
maintained by a simple contract creditor on behalf of himself and all other
creditors, under G. S. 1894, c. 76, to enforce the constitutional liability of
the stockholders of the corporation.

Same—Liability of Officers—Misjoinder.

Held, a cause of action under G. S. 1894, § 2600, subd. 3, against the offi-
cers of the corporation for their fraud, unfaithfulness, or dishonesty, result-
ing in loss to the particular creditor, cannot properly be joined with a cause
of action to enforce such constitutional liability of the stockholders; for
this reason both the proposed amended complaint and the proposed cross
bill were demurrable for misjoinder of causes of action; and the court be-
low properly refused to allow either to be filed or served.

Action in the district court for Ramsey county. From an or-
der, Willis, J., denying a motion for leave to file an amended com-
plaint, plaintiff and certain intervening creditors appealed. From
an order denying the motion of Waterloo Wagon Company, Limited,
intervenor, for leave to file an additional intervention complaint, it ap-
pealed. Affirmed.

*Edward B. Graves,* for plaintiff and others, appellants.

*Warner, Richardson & Lawrence,* for Waterloo Wagon Company,
Limited, appellant.

*Young & Lightner,* for respondents.

CANTY, J. This action was brought by plaintiff in behalf of itself
and all other creditors, under G. S. 1894, c. 76, to enforce the consti-
tutional liability of the stockholders of Mast, Buford & Burwell Com-
pany, a corporation organized under the laws of this state. The
original complaint alleges that the corporation was insolvent, and

[1] Reported in 69 N. W. 324.

made an assignment under the insolvency law of 1881 for the benefit of its creditors; that the other defendants are stockholders; and it sets out the amount of stock held by each.

Some time after the commencement of the action, plaintiff moved for leave to file an amended complaint, and, after a hearing, the motion was denied by the court. The Waterloo Wagon Company, a corporation, came into the action as an intervening creditor, and filed its claim pursuant to the order of the court requiring creditors to exhibit their claims and become parties to the action. Some time subsequently it made a motion for leave to file a cross bill or "additional intervention complaint." This motion, after hearing, was also denied. The correctness of these two orders is assailed on these appeals.

The proposed amended complaint alleges all the facts set out in the original complaint, and also sets up two additional causes of action or grounds of recovery against certain of the defendant stockholders, who were officers of the corporation:

First. It is alleged that said defendant stockholders, Mast, Burwell, Crain, Foos, and Warner, were the board of directors of the insolvent corporation at the time the indebtedness due plaintiff was incurred, and had been for a long time prior thereto; that during said time they negligently, unfaithfully, and dishonestly allowed debts to be contracted by the insolvent corporation far in excess of its assets, and far in excess of the highest amount of indebtedness allowed by its articles of incorporation; that, while the corporation was thus insolvent, they negligently, unfaithfully, and dishonestly permitted the contracting of the indebtedness of said corporation to plaintiff. It is further alleged that, at the time said indebtedness to plaintiff was so incurred, these directors negligently and falsely, for the purpose of defrauding plaintiff, caused it to be represented to plaintiff that said corporation had a surplus over its liabilities, that the latter did not exceed the amount of indebtedness permitted by its charter, and that the corporation was perfectly solvent; that said directors then knew said representations to be false; that plaintiff did not, but believed the same, and was induced thereby to sell to said corporation the goods for which such indebtedness to plaintiff was incurred.

Second. It is alleged that Burwell and Warner, for five years during their management of the business of the corporation, constantly embezzled and appropriated to their own use the funds and property of

the corporation coming into their hands as officers and directors, amounting in all to the sum of $60,000; that they made false entries and carried false credits on the books of the corporation to conceal their said embezzlements during all of said five years just prior to said assignment; that during all of said time the directors Mast, Crain, and Foss "willfully, knowingly, fraudulently, and negligently" permitted said embezzlements.

One of the grounds urged by respondents for opposing the allowance of this proposed amended complaint is that it contains several causes of action improperly united. We are of the opinion that the point is well taken.

Those allegations of this complaint which are set out in substance in paragraph first, aforesaid, constitute a liability under the third subdivision of section 2600, G. S. 1894, in favor, not of all the creditors, but of the creditor specially injured by the acts complained of, while those allegations set out in substance in paragraph second, aforesaid, allege an injury to the corporation, to wit, the loss of corporate assets, and constitute a liability under the second subdivision of section 5895, not in favor of one creditor, but of all the creditors, either jointly or in common. The distinctions between these two classes of liability have been fully pointed out in the case of National New Haven Bank v. Northwestern Guaranty Loan Co., 61 Minn. 375, 63 N. W. 1079, and we do not deem it necessary here to enter anew into a discussion of those distinctions.

Conceding, without deciding, that the allegations referred to in said paragraph second, aforesaid, constitute a cause of action which, under the provisions of sections 5903 and 5905 (contained in chapter 76), may be included in an action to enforce the stockholders' double liability, it is clear that this proposed complaint contains another cause of action which cannot be thus joined with such cause of action to enforce the stockholders' liability. The allegations of the complaint referred to in said first paragraph aforesaid constitute a cause of action, not in favor of all the creditors, but of the creditor specially or peculiarly injured by the acts complained of, and for which he must sue alone in the manner contemplated by sections 2601 and 2602.

There are some indefinite allegations in the proposed complaint to the effect that by reason of the false appearances held out by the insolvent corporation, and by reason of the wrong and negligence of

the directors in permitting it to become insolvent, as aforesaid, and to hold out such false appearances, all of the creditors but one were deceived, and induced to give the corporation credit. Even if all of the creditors were so deceived, and these allegations constituted a cause of action in favor of each, it would not be a joint cause of action in favor of all, but a separate cause of action in favor of each. The fact that every creditor had a cause of action would be a mere coincidence. All these grievances would no more constitute one joint cause of action than would the liability of the directors of the insolvent to each of its creditors for libeling him and all the other creditors in the same manner, or by the same publication, constitute one joint cause of action. Then the proposed amended complaint was demurrable for misjoinder of causes of action, and for this reason, if for no other, the court below did not err in denying the motions for leave to serve it.

Neither in the original complaint nor in the proposed amended complaint does plaintiff allege that it has obtained judgment against the insolvent corporation, or that execution on such a judgment has been issued and returned unsatisfied. Respondents urge, as a reason why the proposed amended complaint should not be allowed, that it fails to state these facts. We have recently held in Minneapolis Paper Co. v. Swinburne P. Co., supra, p. 378, 69 N. W. 144, that, if all the corporate assets have been sequestered by an assignment under the insolvency law, an action to enforce the stockholders' constitutional liability may be maintained under chapter 76, by a simple contract creditor, even though the insolvent is not a moneyed corporation coming within the provisions of section 5900.

Whether the cause of action referred to in said second paragraph aforesaid has been impounded by the assignment proceedings set out in the complaint, it is not necessary here to consider.

The cross bill proposed by the Waterloo Wagon Company is similar to the proposed amended complaint, is subject to the same objections, and is therefore demurrable for misjoinder of causes of action; and leave to serve it was properly denied.

The orders appealed from are affirmed.