. HINDS v. FISHKILL & MATTEAWAN EQUITABLE GAS CO. et al.

(Supreme Court, Appellate Division, First Department. June 24, 1904.)

1. TRIAL—COMPLAINT—DISMISSAL—APPEAL.

Where, after issue joined, the complaint was dismissed at the beginning of the trial for failure to state facts sufficient to constitute a cause of action, the complaint on appeal from such order must be treated as though the question had been presented by demurrer based on the same grounds.

2. CORPORATIONS—SALE OF ASSETS—MAJORITY STOCKHOLDERS—POWERS.

Under the express terms of section 33 of the stock corporation law (Laws 1893, p. 1436, c. 638, as amended by Laws 1901, p. 314, c. 130) the holders of two-thirds of the stock of a corporation are entitled to authorize its officers to transfer the corporation's property and franchises to a new corporation organized for that purpose, as against the objection of a minority stockholder, provided such transfer is made in good faith.

3. SAME—MALA FIDES—BREACH OF TRUST.

Where the holders of a large majority of the stock of a corporation organized another corporation, in which such majority stockholders owned a majority of the stock, and sold all the assets of the old corporation, valued at $250,000, to the new corporation, for $66,000, against the protest of minority holders in the old corporation, such transfer constituted a breach of the officers' fiduciary relation to the old corporation, entitling it to rescind the transfer.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Thomas Hinds against the Fishkill & Matteawan Equitable Gas Company and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward W. S. Johnston, for appellant.

John L. Wilkie, for respondents Fishkill & Matteawan Equitable Gas Company and others.

William R. Brinckerhoff, for respondent Southworth.

Frederick A. Southworth, for respondent John E. Berwind.

INGRAHAM, J. This action, being at issue by the answers of the various defendants, came on for trial at Special Term, whereupon counsel for the defendants moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The court granted this motion and dismissed the complaint, filing a decision which recited that the complaint was dismissed upon the ground that the complaint did not state any cause of action against these defendants.

The question upon this appeal must be treated as though it were presented upon a demurrer based upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The complaint is quite voluminous, the judgment asked for being that certain deeds or bills of sale, transfers, and assignments made by and on behalf of the defendant the Fishkill & Matteawan Equitable Gas Company (the old company) to the Fishkill & Matteawan Gas Company (the new company) be adjudged to be fraudulent and void and set aside, and the new company be directed to reassign, reconvey, and transfer back to the old company all the property and rights which it acquired from the old company or from the individual defendants, and that the new company account to the old company for the profits of the said property; that certain bonds issued by the new company, in the hands of the defendants, be declared null and void, and that the said defendants surrender the same, and be directed to deliver them up to be canceled; and that the individual defendants be held liable for the value of the plaintiff's stock in the old company.

The substantial allegations of the complaint are that the directors and officers of the Fishkill & Matteawan Equitable Gas Company, organized for manufacturing purposes, in pursuance of a resolution passed at a regular meeting of the stockholders of the corporation by a vote of the stock held by the individual defendants, being all the stock except 30 shares, owned by the plaintiff, notwithstanding the protest and objection of the plaintiff, have sold all the property and franchises of the corporation to a new corporation organized and controlled by the officers and directors of the vendor corporation, who are also the stockholders of the new corporation; that the property so sold was worth $250,000, and as a consideration for the property the purchasers assumed a mortgage of $50,000, the indebtedness of the corporation amounting to the sum of $16,000; thus securing property of the value of $250,000 by assuming an indebtedness of $66,000. As the complaint was dismissed, these facts must be assumed

to be true, and the answers of the defendants, which denied many allegations of the complaint, and alleged facts in defense of the transaction, which, if proved, would be a defense to the action, cannot be considered on this appeal, the only question being whether this complaint, conceding all the facts therein alleged, stated a cause of action in equity against the defendants.

Under the provisions of section 33 of the stock corporation law (chapter 638, p. 1436, Laws 1893, as amended by chapter 130, p. 314, Laws 1901) "a stock corporation except a railroad corporation, * * * with the consent of two thirds of its stock, may sell and convey its property, rights, privileges and franchises, or any interest therein or any part thereof to a domestic corporation engaged in a business of the same general character, or which might be included in the certificate of incorporation of a corporation organizing under any general law of this state for a business of the same general character." We think that this sale to the new corporation was authorized by this provision of the law, and, if the officers of this corporation, in good faith, acting under the authority of more than two-thirds of the stock of the corporation, sold the property and franchises of the old corporation to the new corporation. the plaintiff, as a minority stockholder, could not complain. But the complaint expressly denies the good faith of the transaction. It alleges that the new corporation was organized. and controlled by the officers and directors of the old corporation, that the stock of the new corporation was owned by the officers and directors of the old corporation, and thus the majority of the stockholders of the old corporation sold to themselves as the stockholders of the new corporation all of the property of the old corporation valued at $250,000 for $66,000. If these facts are true—and for the purpose of this appeal they must be accepted as true—there can be no question but that the sale was fraudulent, and that the old corporation would have the right to rescind the sale, and either require the reconveyance of the property or hold the directors who have thus violated their trust responsible for the damage caused to the old corporation by reason of this fraudulent disposition of its property. That the directors or officers of a corporation stand in a fiduciary relation to the corporation and its stockholders is settled, and that relation imposes upon the trustees and officers of a corporation an obligation of good faith in dealing with the property of the corporation. The fact that these officers and directors are the owners of a large majority of the stock of the corporation does not affect the obligation to act in good faith which exists between the corporation and its officers and trustees. Directors who own a majority of the stock can no more, for their own benefit and advantage, appropriate the property of the corporation, than the directors who own a minority; and where the act is in itself a violation of the duty that arises from the fiduciary relation that exists between the corporation and its officers and directors, the corporation can rescind that act, and hold its directors responsible for the violation of their trust; and a vote of the stock owned by the directors ratifying or approving the act of the directors which violates their duty to the corporation, although a majority of the stock of the corporation, does not protect

them, or avoid responsibility to the corporation for a violation of their duty which they owed to it. For the majority of the stockholders of a corporation who are also its officers and directors to organize another company, become its officers and directors and stockholders, and then sell all of the property of the corporation of which they are trustees to themselves as stockholders of another company, at a grossly inadequate price, would be a fraud upon the vendor corporation, which would justify the vendor corporation in rescinding the transfer and holding its directors responsible for the injury caused to it by a violation of their duty. Farmers' Loan & Trust Co. v. N. Y. & N. R. R. Co., 150 N. Y. 410, 44 N. E. 1043, 34 L. R. A. 76, 55 Am. St. Rep. 689; Niles v. N. Y. C. & H. R. R. Co., 176 N. Y. 119, 68 N. E. 142. Now, this is what the complaint alleges the individual defendants did, and, while these facts are denied by the answers, upon this appeal we are bound to treat all of the allegations of the complaint as true. It is the violation of duty which follows from the trustees of the old corporation acting under a resolution of the stockholders selling to a new corporation of which were the stockholders all of the property of the old corporation, worth $250,000, for $66,000, which in itself is a breach of duty that the officers of the corporation owed to their cestui que trust, the corporation, which imposes an obligation upon these defendants. The plaintiff is a stockholder of the old corporation, and brings this action to enforce a cause of action existing in favor of that corporation against the defendants. It is not necessary to determine just what relief the corporation in whose behalf the plaintiff brings the action is entitled. That other rights have intervened by the purchase of stock in the new corporation which would prevent the sale from being set aside and the property retransferred would not prevent the old corporation from calling its directors and officers to account for their acts as its officers and directors; but I think that upon these facts alleged the old corporation, in whose behalf the plaintiff brings this action, would be entitled to some relief in equity. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN and LAUGHLIN, JJ., concur. PATTERSON, J., concurs in result.

VAN BRUNT, P. J. I dissent. This action was not, and does not pretend to have been, brought in right of the corporation.