(100 App. Div. 389)

### STODDARD v. BELL & CO., Inc.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. PLEADING—MISJOINDER OF CAUSES.

A cause of action by a corporate stockholder against the president of the corporation for breach of contract, by which plaintiff was to hold the office of president, cannot be joined with a cause of action for wrongful appropriation of corporate funds.

2. CORPORATE FUNDS—WRONGFUL APPROPRIATION—ACTION—WHO MAY MAINTAIN.

An action against a corporate officer for wrongful appropriation of corporate funds may only be maintained by the corporation, or by a stockholder in its behalf.

Appeal from Special Term, New York County.

Action by George S. Stoddard against Bell & Co., Incorporated. From an order and an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Hector N. Hitchings, for appellant
Frank C. Avery, for respondent.

LAUGHLIN, J. The basis for the interlocutory judgment appears to be an order instead of a decision, which it should be, although it is signed by the justice who tried the issue. Even if it can be construed as a decision, it is not appealable. It is alleged in the complaint that Bell & Co. is a New Jersey corporation, and succeeded to the business of a New York firm of the same name, the members of the old firm taking all the stock issued except one share, issued to another party to qualify him for the office of director, and this share was in fact owned by the defendant Dodge; that only forty shares of capital stock were issued, and of these the

¶ 2. See Corporations, vol. 12, Cent. Dig. §§ 1420, 1429.

defendant Dodge at first took nineteen, and owned the other share which was issued in the name of the individual who became a director, and subsequently bought ten more shares; that the plaintiff, at the instance of Dodge, and on his agreement that no more capital stock should be issued, and on a guaranty of reimbursement and of his employment as leading saleman at a salary of $5,000 per annum by the company, purchased the remaining outstanding ten shares; that Dodge was elected president, the plaintiff vice president and secretary, and later the plaintiff became secretary and treasurer, and subsequently, owing to the illness of Dodge, general manager, until the 1st day of February, 1903, from which time until the 29th day of February, 1904, he was president of the company on a salary of $6,000 per annum, owing to the fact that Dodge was ill, and engaged in other business; that the defendant Dodge made an unauthorized claim against the company for 10 per cent. royalties on formulas which belonged to the company, and took and appropriated to his own use 10 per cent. of the receipts in part payment of such claim; that on the 8th day of February, 1904, Dodge agreed that the plaintiff should be president for that year, and receive a salary of $6,000, and that, if the sales exceeded by $15,500 those of the previous year, he should receive a salary of $7,000; that Dodge subsequently sold some of his stock, and caused the plaintiff to be ousted from his position as president and general manager, and himself to be elected president, and another secretary and treasurer; that this action was taken by Dodge with the fraudulent purpose of destroying the plaintiff's stock and reducing his dividends; that Dodge is in bad repute and ill health, and is incapacitated from performing the duties of president; that the place of business of the corporation is New York City, and it has its bank account there, and all its officers and directors, except the director who holds one share of stock, are in New York City; that Dodge intends to appropriate the moneys on deposit in the bank in payment of his unauthorized claim for royalties; and that the plaintiff has no other adequate remedy for the relief to which he is entitled, and he prays judgment canceling the action taken in ousting him and electing Dodge as president and another as secretary, and restraining the defendants from taking any action in furtherance of their alleged fraudulent schemes, and adjudging that the plaintiff is entitled to the office of president and general manager pursuant to the terms of his agreement with Dodge on the 8th day of February, 1904, and that an accounting be taken between Dodge and the plaintiff of all moneys withdrawn from the corporation by Dodge as dividends or percentages, and that one-quarter of the amount so appropriated by Dodge and of the receipts of the company be paid to the plaintiff, and for a receiver, if necessary, and for an injunction restraining the bank from allowing the corporation to withdraw any of its deposits.

The demurrer is upon the ground, among others, that causes of action have been improperly united in the complaint. We are of opinion that the plaintiff has united in this complaint in one count at least two causes of action—one against the defendant Dodge

for a breach of contract, and the other for corporate moneys wrongfully appropriated by Dodge to his own use. The former belongs to the plaintiff in his individual right, but the latter belongs to the corporation, and may only be maintained by the corporation or by a stockholder in its behalf. It is clear that such causes of action cannot be united in one complaint.

Without, therefore, considering the other grounds of demurrer to this inartificially drawn complaint, we are of opinion that the appeal from the order should be dismissed, and the interlocutory judgment should be affirmed, with costs, with leave to plaintiffs to amend complaint upon payment of costs in this court and in the court below. All concur.