## BACKUS et al. v. BROOKS et al.

### (Circuit Court of Appeals, Second Circuit. March 11, 1912.

### No. 172.

**1. Equity (§ 148*)—Bill—Multifariousness.**

A bill in equity which states a cause of action in behalf of individual complainants based on the fraudulent conduct of majority stockholders toward the minority, and which asserts the right of stockholders to follow corporate property conveyed in fraud, and which states a cause of action in favor of a corporation, as complainant, for breach of contract by defendant corporation and individual defendants for the purchase of articles, is multifarious for misjoinder of causes of action.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 341–367; Dec. Dig. § 148.*]

**2. Corporations (§ 320*)—Fraudulent Acts of Majority Stockholders—Rights of Minority Stockholders.**

Where majority stockholders secretly plan to turn over, without consideration, all the assets of the corporation to another corporation owned by them, in which the minority stockholders have no interest, and the plan is carried out, the minority stockholders may sue in equity for relief on the theory of a breach of trust, and that they have no adequate remedy at law, though a court of equity may, in view of the circumstances, make a money decree, instead of a decree distinctly equitable in form.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1439; Dec. Dig. § 320.*]

**3. Corporations (§ 320*)—Fraudulent Acts of Majority Stockholders—Actions by Minority Stockholders—Laches.**

Minority stockholders suing in equity for relief based on the fraudulent act of the majority stockholders turning over, without consideration, all the assets of the corporation to another corporation owned by them, in which the minority stockholders have no interest, are not barred by laches where the delay in suing was due to their ignorance of the fraudulent acts; and the fact that innocent persons have become stockholders during the delay will not defeat equitable relief, since the court may protect them.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1439; Dec. Dig. § 320.*]

**4. Equity (§ 269*)—Pleadings—Amendments.**

Where a bill by a corporation and individual complainants was demurrable for multifariousness for misjoinder of causes of action, the individuals having a right to sue in equity and asking for leave to amend should be permitted to amend their bill, omitting therefrom the corporation as a party complainant and its cause of action.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 552–556; Dec. Dig. § 269.*]

Appeal from the Circuit Court of the United States for the District of Connecticut.

Suit by Newton D. Backus and others against George L. Brooks and others. From a decree of the Circuit Court (189 Fed. 922) sustaining demurrers to the bill of complaint and dismissing the bill, complainants appeal. Modified and affirmed, with leave of individual complainants to amend.

Appeal from a decree sustaining demurrers filed by different defendants to a bill of complaint and dismissing such bill.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the opinion following the demurrers will be considered—in accordance with the defendants' contention as stated in their brief—as being based upon three contentions:

(1). "That the bill is bad for multifariousness."

(2). "That no cause of action in equity has been stated against either defendant for the reason that upon some of the branches of the case no liability has been shown, and upon the others the remedy is adequate at law."

(3). "That if the complainants, or any of them, shall be found by the court to have had at one time ground for equitable relief, the right has been lost by their laches."

Albert McClatchey, for appellants.

Philip W. Russell, for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). [1] Is the bill bad for multifariousness?

The cause of action stated in behalf of the individual complainants is based upon the fraudulent conduct of majority stockholders toward the minority. Rights of stockholders to follow corporate property conveyed in fraud are asserted. The cause of action stated in favor of the corporation plaintiff is the breach of a contract to purchase certain articles, for which the remedy must be damages. The rights of the different plaintiffs are independent. The individuals assert rights as stockholders and the corporation has no stock. The corporation alleges a breach of contract, and the individuals have no direct interest in the contract. The trial court properly sustained the demurrers upon the ground of multifariousness.[1] Whether it should then have permitted the complainants to amend or properly dismissed the bill can best be determined when we have ascertained whether, with the corporation's cause of action out of the bill, a cause remains in favor of the individual complainants.

[2] Thus we come to the second inquiry: Does the bill show liability in equity?

Turning to the bill we find a mass of relevant and irrelevant allegations thrown together. Trivial matters are set forth with great particularity, and many important matters are stated in general and obscure terms. Still, leaving out the verbiage and regarding only the allegations which are certain, it seems clear that a cause of action is shown where majority stockholders have frozen out minority inter-

[1] In our opinion the bill is not multifarious on account of misjoinder of defendants. The individual defendants are alleged to have perpetrated the frauds and the defendant corporation to have profited by them. Moreover, to grant effective relief, the decree should properly be directed against both the individual and the corporation defendants.

Such considerations should also be borne in mind in considering the remaining grounds of demurrer. It is not contended that the corporation has itself been guilty of the frauds, but it is claimed that it has possession of the property which the complainants seek to follow, and the relief prayed for, among other things, is that it shall issue certain of its shares to the complainants. That which may be required of it will depend upon whether and to what extent the charges against the individual defendants are sustained. Consequently we think that the demurrer of the corporation defendant must stand or fall with that of the individual defendants.

ests. The defendants, by demurring, admit that they were majority stockholders in a corporation in which the complainants held minority shares. They admit that they formed a plan to turn over, without consideration, all the assets of this company to another corporation owned by them, in which the complainants should have no interest. They admit that they carried out their purpose, and left the complainants with stock in a corporation without property or business. They admit that they kept the complainants in ignorance of the scheme, and lead them to believe that the original company was doing business as usual. They admit that, by various consolidations and transfers, the property in which the complainants had been interested passed to new corporations, and ultimately to the defendant company, without the complainants having any interest therein, and without having had any opportunity to participate in the different transactions.

There is liability in equity for such acts as the bill states upon the part of the individual defendants. Courts of equity have no more valuable function than to protect minority stockholders from the frauds of the majority. When majority stockholders dispose of the property of the corporation which they control in such a manner as to deprive the minority of their just rights in it, there is a breach of trust, and a court of equity is the tribune, and the only tribune, to provide an effective remedy. As said by the Circuit Court of Appeals for the Eighth Circuit in Jones v. Missouri-Edison Electric Co., 144 Fed. 765, 771, 75 C. C. A. 631, 637:

"Any sale of the corporate property to themselves, any disposition by them of the corporation or of its property to deprive the minority holders of their just share of it, or to get gain for themselves at the expense of the holders of the minority of the stock, becomes a breach of duty and of trust which invokes plenary relief from a court of chancery."

See, also, Ervin v. Oregon Ry., etc., Co. (C. C.) 20 Fed. 577; Id. (C. C.) 27 Fed. 625; Meeker v. Winthrop Iron Co. (C. C.) 17 Fed. 48; Goodin v. Cincinnati, etc., Canal Co., 18 Ohio St. 169, 98 Am. Dec. 95; Pondir v. New York, etc., Ry. Co., 72 Hun, 384, 25 N. Y. Supp. 560; Hinds v. Fishkill, etc., Gas Co., 96 App. Div. 14, 88 N. Y. Supp. 954 (Menier v. Hooper's Telegraph Works, 9 Ch. App. Cas. 350, is the leading English case).

The next inquiry is whether the complainants have an adequate remedy at law?

As we have just seen, the rights of minority stockholders are those which it is peculiarly the duty of a court of equity to protect. In this case it may be that the situation disclosed by the proofs will be such that, instead of obtaining specific property, a decree will be entered for the value of the interest to which the complainant would be entitled in the defendant corporation. Or it may be that a money decree in some other form will be entered. The fact, however, that a court of equity, in view of the circumstances disclosed in a case, may make a money decree, instead of those forms of relief distinctively equitable, is no ground for contending that a bill setting up such circumstances is demurrable upon the ground of adequate remedy at law.

The last inquiry is whether the individual plaintiffs should be denied relief because they have been guilty of laches.[2]

[3] Laches may be established when the proof is offered, but it does not appear upon the face of the bill that the complainants have been guilty of any unreasonable delay.

Even if delay did appear, the bill avers that the defendants kept the complainants in ignorance of their fraudulent acts. They cannot be charged with sleeping on their rights if they did not know that which had been done and the defendants induced their ignorance.

The further contention that especial regard should be paid to the claim of laches upon the ground that a decree in favor of the complainants would work harm to many innocent stockholders of the defendant corporation, cannot be regarded as well founded. We do not find it averred that innocent parties have become stockholders in such corporation and, if they have, the court can so frame the decree as to protect them.

For these reasons, we think that the individual complainants state a cause of action entitling them to some measure of equitable relief.

[4] We return now to the inquiry whether the court below should have permitted an amendment striking out the corporation complainant and eliminating the statement of its cause of action. It is not disputed that the complainant asked leave to amend in case the demurrers should be sustained upon the ground of multifariousness and we think that an appropriate amendment could readily have been prepared.

We hesitate to disturb the action of the court below in not permitting an amendment. An examination of the judge's opinion, however, leads us to think that if the question of multifariousness had been the only one in the case, he would have permitted the amendment, and that his doubts as to the other grounds of demurrer, especially that of laches, influenced his action; indeed, the demurrers are sustained generally. As we do not entertain the same doubts, and as we think it preferable that the complainants should have an opportunity to present their cause upon amended pleadings rather than be required to commence a new suit, we have concluded to modify the decree and remand the cause for further proceedings.

The decree is so modified as only to sustain the demurrers upon the ground of multifariousness, with the right to amend in the manner indicated within such time as may be prescribed by the court below. We think that no costs should be allowed upon this appeal, nor required as a condition to amending.

[2] Laches is not specifically alleged as a ground of demurrer, but for the purposes of this opinion it is considered to be a ground.