## NIVEN et al. v. PEOPLES et al.

### (136 N. W. 73.)

**Action — corporation — joinder of causes.**

An action to set aside a transfer of stock alleged to have been made to an officer of a corporation, as a result of fraudulent representations on his part, cannot be properly joined with an action brought under § 7366 of the Revised Codes of 1905, to compel such officer to account for alleged official misconduct while directing the affairs of the corporation.

Opinion filed April 19, 1912.

Appeal from the District Court of Eddy county; *Coffey, J.*

Action to set aside a transfer of stock, and for an accounting. Defendants demurred to the complaint, and from an order overruling such demurrers, defendants appeal.

Reversed.

This is an appeal from an order overruling four demurrers to a complaint. The complaint set out and joined four or five causes of action, and was filed by four stockholders of the Bank of New Rockford against H. Peoples, a former director and president of said bank, E. S. Severtson, a former director and cashier of said bank, W. C. Tubbs, a director of said bank, the Bank of New Rockford itself, and the Tallman Investment Company, a banking corporation. It alleged, among other things, that the defendant Peoples, and the defendant Severtson, from the year 1898 to the 1st day of June, 1910, had full control of the affairs of the defendant bank, and that none of the other directors had any voice or management in it; that although the plaintiff Niven was a director during such time, said Peoples and Severtson failed to give him any information concerning the affairs of the bank; that the said Peoples and Severtson had been grossly negligent in the performance of their duties, and had knowingly allowed large sums of money to be loaned to irresponsible parties, and had been so negligent as to cause the assets of said bank to be dissipated; that the said Peoples and Severtson had used the assets of said bank

for their own benefit and use, and not for the use of said bank or its stockholders; that they had rendered no account of their acts and transactions; that the bank had not paid any dividends whatsoever; that $63,000 or more had been dissipated and lost through the negligence and mismanagement of said Peoples and Severtson; that said defendants had listed and carried as assets of said bank, fraudulent and worthless notes and securities, and had converted the assets and funds of said bank to their own benefit, and had failed to account to said bank therefor; that on or about the 10th day of April, 1910, the state bank examiner found among the assets of said bank worthless notes and securities to the amount of $63,000, and informed the defendants, Peoples and Severtson, that unless said worthless securities were replaced with approved securities, he would have a receiver appointed; that at said time the defendant Peoples told the examiner that the defendant Severtson was to blame, but that the defendant Peoples would guarantee said bank and its creditors against loss, and at that time gave to said examiner a bond to that effect, taking at the same time a transfer and assignment from the defendant Severtson of $30,000 or more; that on or about the 28th day of April, 1910, the said Peoples entered into an agreement with the defendant Tallman Investment Company, to turn over to said company 230 shares of the capital stock of the defendant bank and guarantee the value of all securities in said bank, which he did on the 6th day of May, 1910, the said Tallman Investment Company paying into said bank the sum of $47,000; that on the 1st day of June the said Investment Company took possession and control of said bank; that on or about the 28th day of April, 1910, and before the turning over to the Tallman Investment Company of the said shares of stock, "defendant Peoples represented to the plaintiffs that if they would surrender to said Peoples their stock in defendant bank without consideration, that the said Peoples could make an arrangement with defendant, the Tallman Investment Company, to take over said bank and its assets, and that the plaintiffs would not be liable for an assessment on said stock as provided by law; and that if they did not turn over said stock to said Peoples, that they would assess the full value of their stock to make good the loss of the bank; that the defendant Peoples represented to the plaintiffs that the defendant Severtson had dissipated the funds and assets of said bank,

and that the said Peoples had taken an assignment and transfer from said Severtson *to said bank* of said Severtson's property, including his shares of stock in said bank, to so far as possible make good the losses caused by the actions of the defendant Severtson; that these representations made by Peoples were false and fraudulent, and made with intent to defraud and deceive the plaintiffs, and to induce plaintiffs to surrender their stock in said bank without consideration; that in fact said Peoples has had full control and charge of said bank since 1898, and has so fraudulently and negligently managed the affairs of said bank as to cause the loss of said bank's assets in the sum of $63,000 or more; that in fact said Peoples took from said Severtson an assignment of more than $30,000 worth of property to himself, the said Peoples, personally, and refuses to transfer said property to said bank; that plaintiffs were induced to surrender, and did surrender, their stock without consideration by reason of the fraudulent representations of said Peoples; that they have demanded of said Peoples that he return to them said shares of stock, but said Peoples has refused and still refuses to return or account for said stock; that the stock of the plaintiffs Lawrence Buck and Margaret Buck, who were minors at the time, was transferred without the knowledge, consent, or authority of the judge of the county court." The prayer asks that the defendants, Peoples and Severtson, account for their official conduct in the mismanagement of the funds and property of the defendant Bank of New Rockford during all the period of their mismanagement; that the Tallman Investment Company account for the transfer of the stock of the Bank of New Rockford and for all their doings in connection therewith; that Peoples and Severtson be compelled to pay to the Bank of New Rockford or its creditors any money and the value of any property which they have acquired to themselves or transferred to others, or lost, or wasted by violation of their duties, and to transfer any such property held by them or either of them to said bank; that the defendant Peoples return to the plaintiffs the shares of stock of said bank delivered to him by them, or in lieu, pay to said plaintiffs the full value thereof. It also asks for such further relief as may be just and equitable. The defendant E. S. Severtson defaulted. Each of the other defendants interposed a separate demurrer. Each demurrer, however, was to the same effect, and as grounds for demurrer

alleged: 1st. That the plaintiffs have no legal capacity to sue; 2d, that there is a defect of parties plaintiff; 3d, that there is a defect of parties defendant; 4th, that several causes of action have been improperly united; 5th, that the complaint fails to state facts sufficient to constitute a cause of action. Each of these demurrers was overruled, and from the order overruling the same, this appeal is taken.

*Maddux & Rinker,* for appellants.

Equitable actions and law actions joined are fatal on demurrer. Jasper v. Hazen, 2 N. D. 401, 51 N. W. 583; Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; Disbrow v. Creamery Package Mfg. Co. 104 Minn. 17, 115 N. W. 751; Davis v. Novotney, 15 S. D. 118, 87 N. W. 582; Pietsch v. Krause, 116 Wis. 344, 93 N. W. 9; Grant v. McCarty, 38 Iowa, 468.

Complaint fails to state a cause of action. Stutsman County v. Mansfield, 5 Dak. 78, 37 N. W. 304; VanDyke v. Doherty, 6 N. D. 263, 69 N. W. 200.

*C. S. Buck,* for respondents.

Plaintiffs are entitled to the relief demanded. Gore v. Day, 99 Wis, 276, 74 N. W. 788; Commercial Bank v. Chatfield, 121 Mich. 641, 80 N. W. 712; Sigwald v. City Bank, 74 S. C. 473, 55 S. E. 109; Clews v. Bardon, 36 Fed. 617; Wheeler v. Aiken County Loan & Sav. Bank, 75 Fed. 781; Elliott v. Farmers' Bank, 61 W. Va. 641, 57 S. E. 242; Gibbons v. Anderson, 80 Fed. 345; Prather v. Kean, 29 Fed. 498, 1 Am. Neg. Cas. 593; South Bend Chilled Plow Co. v. George C. Cribb Co. 97 Wis. 230, 72 N. W. 749.

BRUCE, J. (after stating the case as above). In the complaint there seem to be set forth four or five separate causes of action. One is against the defendant H. Peoples, to compel a return to the plaintiffs or an accounting for the value of the stock alleged to have been given to him, on account of his alleged fraudulent representations. Another is against the defendants Peoples and Severtson, to account for their official conduct in the mismanagement of the funds of the Bank of New Rockford, and is brought by the plaintiffs as stockholders. Still another is against the Tallman Investment Company, asking it to account to the plaintiffs for the transfer of the stock of the Bank of New

Rockford, and for all other doings in connection therewith; and yet a fourth is against the defendants Peoples and Severtson, to compel them to pay to the Bank of New Rockford any money and the value of any property which they have acquired to themselves or transferred to others, or lost or wasted by reason of the violation of their duties. The plaintiffs sue both in the capacity of persons who have been defrauded of stock formerly belonging to them, and in the capacity of stockholders of a corporation who have been injured by the mismanagement of that corporation. The latter cause of action is based upon § 7366 of the Revised Codes of 1905, which, in effect, provides that an action may be maintained against one or more trustees, directors, managers, or other officers of a corporation to procure a judgment, (1) compelling the defendants to account for their official conduct; (2) compelling them to pay to the corporation or to its creditors any money and the value of any property which they have acquired to themselves or transferred to others, or lost, or wasted by violation of their duties, or to transfer any such property held by them to the corporation; (3) setting aside an alienation of property made by one or more trustees, directors, managers, or other officers of a corporation, contrary to a provision of law, or for a purpose foreign to the lawful business and objects of the corporation, when the alienee knew or had notice of the purpose of the alienation. It will be noticed, however, that § 7367 provides that this action can only be brought by a stockholder upon the neglect or refusal of a trustee, director, manager, or other officer of the corporation so to do at the request of such stockholder. It is also to be noticed that the action to set aside an alienation of property must be based upon proof that the alienee knew, or had notice, of the purpose of the alienation.

It is perfectly plain to us that even if there are not any other defects in the complaint, the cause of action for the return to plaintiffs of their stock or for the value thereof cannot be joined with a cause of action brought under § 7366 of the Code by a stockholder against a director or an officer, not as a mere individual who has obtained the property of the individual plaintiff, unlawfully, but as an officer who has misappropriated the property of the corporation, and who has mismanaged its business. The one can, as a matter of course, and of right, be brought by the individual stockholder in his own name. The other

cannot be brought in his own name without a showing that a preliminary demand has been made upon the proper officers of the corporation to bring the suit, and there has been a refusal on their part, or, at any rate, that such demand would have been futile. When he sues he sues for the corporation. We do not agree with the counsel for the respondent that legal and equitable actions are improperly joined, because we believe that all of the causes of action set forth in this complaint are equitable in their nature. We believe, however, that they are improperly joined, because they do not arise out of the same transaction or transactions, connected with the same subject of action (§ 6877, Rev. Codes 1905); and because they do not necessarily involve the same parties. The complaint is also open to the criticism that the causes of action are not separately stated as required by the Code.

In the action for an accounting against Peoples and Severtson, and a return to the bank of any property they may have wrongfully taken from it during their administrations, the proper party plaintiff is primarily the bank itself. Even under § 7366 no action can be maintained by an individual stockholder without allegation and proof of a demand on the bank to bring such an action, and of a refusal on its part so to do, or that such demand would have been unavailing. There is not such allegation in the complaint in the case at bar. It is true that it is alleged that Peoples and Severtson were officers and directors of the bank, but there is no allegation as to the number of directors, or that Severtson and Peoples constituted a majority. In a directors' meeting, men vote as individuals, and not on the basis of the stock that they own. The bank, as far as we know, might have maintained the action even without the consent of Peoples and Severtson.

It is also clear to us that no cause of action is stated against the defendant Tubbs. All that is stated in regard to him is that he lives in Minneapolis and is a director. He is not a proper party plaintiff, even under §§ 7366, 6816, and 6818 of the Codes. Even if a proper party, he should have been given an opportunity to join as plaintiff before being made a defendant, unless, indeed, some complaint is made of his actions, of which there is nothing in the pleadings. The fundamental question is, Are the plaintiffs entitled to a return of their stock? If this is decided in the affirmative, they can, perhaps, proceed under

§ 7366 of the Codes. If it is decided in the negative, they cannot so proceed, for they would not be stockholders. The issues should be separated. Whether they can ultimately proceed under § 7366 of the Codes cannot well be decided here, and must be left for future adjudication. As far as the present appeal is concerned, it is sufficient to say that the mismanagement of the affairs of the corporation is not the same transaction, nor does it grow out of the same subject of action as the alleged fraudulent obtaining and conversion of the stock of the plaintiffs by the defendant Peoples.

The orders appealed from are reversed, and the cause is remanded to the District Court for further proceedings according to law.