BLAKE et al. v. BOSTON DEVELOPMENT CO. et al.

No. 3077. Decided September 10, 1917. (167 Pac. 672.)

1. ACTION—JOINDER OF CAUSES—PARTIES AND INTERESTS INVOLVED. In an action by stockholders against a corporation and its officers and directors, the complaint alleged various illegal and wrongful acts by the officers and directors, whereby V., who, it was alleged, controlled and dominated the corporation and its business affairs, had acquired its property and stock and a note executed by the corporation in his favor, and that they had levied a number of illegal assessments on the stock of the corporation. It prayed for an injunction against the sale of the stock to pay one of such assessments, and that all of the assessments be set aside and annulled, and that the officers and directors make a full and complete accounting of all the assets and stock of the corporation, and that the note in question be surrendered, canceled, and annulled. *Held*, that the complaint improperly joined causes of action in favor of the corporation against the officers and

directors and causes of action in favor of plaintiff against the corporation, since, notwithstanding the alleged control of V. over the corporation's officers and directors, the causes of action to annul and enjoin the assessments were causes of action in plaintiff's favor against the corporation, while the causes of action based on the wrongful acts of the officers and directors were causes of action in its favor, though enforced by the stockholders on its behalf. (Page 353.)

2.  PLEADING—SEPARATE STATEMENT—DISTINCT CAUSES OF ACTION IN ONE COURT. The complaint also improperly joined in a single statement separate and distinct causes of action in favor of plaintiffs and against the corporation, as each assessment was a completed transaction, and if wrongful a separate and distinct cause of action, and the corporation was entitled to have each assessment stated separately in order that it might interpose any defenses it might have. (Page 353.)

3.  PLEADING—SEPARATE STATEMENT OF CAUSES. In an action by a corporation or its stockholders against its officers who have been derelict, mismanaged its affairs, and wrongfully appropriated its property, wrongful acts charged against the same individuals may, as a rule, be incorporated in one statement in the complaint regardless of how numerous or how involved the alleged wrongs may be, as the wrong consists in appropriating the property rights of the corporation, and that wrong constitutes but one cause of action. (Page 356.)

Appeal from District Court, Third District; *Hon. George F. Goodwin*, Judge.

Action by Thomas W. Blake and others against the Boston Development Company and others.

Judgment dismissing the action on demurrer. Plaintiffs appeal.

AFFIRMED.

*Skeen Bros.* for appellants.

*Smith & McBroom* for respondents.

FRICK, C. J.

Thomas W. Blake originally commenced this action. In his complaint he alleged that he brought the action ''for him-

self and for all other stockholders and creditors of the Boston Development Company," a corporation. The action was brought against said company, and against Fred H. Vahrenkamp, R. B. Garff, Thomas Austin, R. H. Winder, B. F. Fitzgerald, and Samuel Stillman who, it was alleged, "are now, and during the times hereafter mentioned have been the directors and officers of said corporation, having the complete management and control of its business affairs," and who will hereinafter be designated officers and directors. Various matters are set up in the original complaint, to which the defendant corporation demurred, and the demurrer was sustained. An amended complaint was then filed by the plaintiff Blake, which, however, suffered the same fate. In view that Blake obtained leave of court to file another amended complaint, which superseded the first two, we need not refer to the first two complaints further. In the last complaint filed certain other parties, who claimed to be stockholders of said corporation, to wit, V. A. Kedney, Lewis T. Cannon, Edward Christiansen, Joseph Oborn, James Oborn, William Oborn, and D. A. Skeen, were added. They are styled interveners, but how and when they were permitted to intervene in the action the record does not disclose. We shall treat those so-called interveners as plaintiffs, since that is the real character they assume in the action. The last complaint is too voluminous to be set forth at length in this opinion. We shall state the substance of the last amended complaint as briefly as possible.

After again alleging the purpose of the action and that the individual defendants constituted the officers and directors of said corporation, it is alleged that all of the parties we have designated plaintiffs, including Blake, are stockholders, and that each one of them is an owner of a certain number of shares of the capital stock of such corporation, the exact number owned by each being stated, the aggregate number so owned amounting to 7,660 shares. It is alleged that the defendant Fred H. Vahrenkamp, the promoter of said incorporation at the time it was incorporated, transferred to it "three unpatented mining claims then not known and since

demonstrated to be of no actual intrinsic value, in full payment of its entire capital stock of one hundred thousand (100,000) shares, all of which, excepting only four shares, was issued to the said Vahrenkamp''; that since said corporation was organized said Vahrenkamp has dominated and controlled all of its officers and directors, and through them he has controlled and directed its business affairs; that he, with the coöperation of said officers and directors, has grossly mismanaged the business affairs of said corporation; that said Vahrenkamp, acting on behalf of said corporation, obtained a lease and option to purchase certain mining claims; that he took the "title to said lease and option in his own name," and wrongfully and fraudulently failed to have said lease and option transferred to said corporation, and thereafter caused the authorized capital stock of said corporation to be increased from 100,000 shares to 500,000 shares by having the articles of incorporation amended to that effect, and that all of said stock was issued to said Vahrenkamp; that he has caused ore shipments from the property leased as aforesaid to be made in his own name, "without fully recognizing the interests of said corporation in said property or the proceeds of the sale" of said ores; that said Vahrenkamp has from time to time presented false and fraudulent claims against said corporation, and the officers and directors "have permitted the said Vahrenkamp to cause various and numerous large credits in his favor to be entered upon such books and records as were kept by said corporation''; that the officers and directors authorized the execution and delivery of a certain promissory note of said corporation for $17,000 to said Vahrenkamp, which note "was issued without adequate or any consideration, and operates as a fraud upon the rights of the stockholders of said corporation''; that said Vahrenkamp and said officers and directors have failed and neglected "to keep proper and complete books and records" of the business transactions of said corporation; that said officers and directors have entered into a certain contract with a certain corporation and have concealed the same from the stockholders, which contract is alleged to be detrimental to the interests

of the corporation; that the officers and directors have permitted a large amount of the treasury stock of said corporation to be issued to various individuals without consideration, and that said Vahrenkamp was permitted to take from the treasury of said corporation large blocks of stock without paying the said corporation any consideration whatever. It is further alleged that in January, 1916, the officers and directors, "while the only property of any value owned by said corporation was being held by the said Vahrenkamp and Garff, voted a levy of an assessment upon and against all outstanding capital stock" of said corporation to develop the property leased as aforesaid and which lease stood in the name of said Vahrenkamp; that the assessment on the stock of said Vahrenkamp and of said officers and directors was paid by false and fraudulent credits; that on the 25th day of August, 1916, said officers and directors wrongfully levied another assessment on all of the capital stock of said corporation, at which time the prior assessment had not been paid into the treasury of said corporation; that said officers and directors "wrongfully and fraudulently permitted payment of said assessment to be made by post-dated checks and notes, and by charging them to the account of said Vahrenkamp," and others, the amounts so charged being stated. It is further alleged that in January, 1917, a further assessment was wrongfully levied by said directors, the facts in that regard being stated in detail. It is also alleged that all of the foregoing wrongful and fraudulent acts and transactions have been called to the attention of said officers and directors of said corporation, but without avail. The plaintiffs then conclude the complaint in the following words:

"That plaintiffs have likewise directed the attention of the stockholders to said fraudulent practices, but have been wholly unable to secure relief because the guilty directors, by reason of their stock holdings, control the affairs of said corporation, and plaintiffs have no plain, speedy, and adequate remedy at law."

The alleged wrongful and fraudulent transactions and practices of said Vahrenkamp and said officers and directors

are set forth in the complaint with great particularity and detail, of which the foregoing statement is but a very brief synopsis. The statement, though brief, is, however, sufficient to show the nature and character of the wrongs that are complained of, and we shall, in as few words as possible, outline the nature of the relief that plaintiffs desire to obtain.

They pray judgment (1) that said corporation and officers and directors be enjoined from selling the capital stock to pay the assessment levied on January 12, 1917; (2) that said corporation and said officers and directors be required to "show cause why a receiver should not be appointed to take immediate possession of all of the assets of said corporation that stand in the name of the corporation or in the name of the defendant R. B. Garff, or of the defendant Fred H. Vahrenkamp, or any other person, and to hold the same subject to further order of the court"; (3) that the assessments levied August 25, 1916, and January 12, 1917, be declared illegal, fraudulent, and void and that all sales of stock made under said assessments be set aside and annulled, "and that the plaintiff and the interveners shall be decreed the owners and holders of any stock so illegally sold"; (4) "that the said individual defendants and each of them be required to make a full and complete accounting of all the assets and stock of said corporation, and that the court decree all the stock wrongfully issued to be illegal and void, and that the court decree the promissory note for seventeen thousand ($17,000) dollars issued to the said Fred H. Vahrenkamp, and all other entries, notes, and contracts issued, made, or executed without consideration or without authority of law, to be fraudulent and void, and direct that they be surrendered, canceled, and annulled"; (5) for general relief.

To the amended complaint the corporation interposed a motion and demurrers, both general and special. The grounds in the motion and special demurrers are in many respects identical, and, in substance, are that separate and independent causes of action are commingled; that there are several causes of action improperly united in the complaint; that there is a cause of action stated in favor of the corporation

and against the officers and directors of the corporation; and another alleged cause of action is stated against the incorporation for an injunction, and still another to annul and set aside certain assessments, and a further cause of action on behalf of the plaintiffs for personal relief. The district court sustained both the motion and the demurrers, and, plaintiffs refusing to plead further, the court entered judgment dismissing the action. Plaintiffs appeal, and assign the rulings of the court as error.

It seems to us that there is no escape from the conclusion that there are several causes of action commingled in the complaint in a single statement. It cannot be doubted that, notwithstanding the alleged control that Vahrenkamp had over the officers and directors of the corporation, 1, 2 and therefore over the corporation, the cause of action to annul and to enjoin the assessments levied on the capital stock is manifestly against the corporation, and that it could be enjoined regardless of the power or influence of any one or of all the officers and directors. It is clear that each assessment is a completed transaction, and if wrong constitutes a complete and independent wrong in itself. For example: The assessment of August, 1916, was a complete transaction, and if wrongful or unlawful constituted complete and independent wrong and thus a separate cause of action. The same is true respecting the assessment of January, 1917. Moreover, the levying of an assessment is a corporate act, and if a cause of action exists at all respecting the levying of the assessment it is in favor of the stockholder. With respect to the levying of an assessment on his stock, the cause of action, if there be one, is against the corporation.

In *Tutwiler* v. *Tuskaloosa, etc., Co.*, 89 Ala. 391, 7 South. 398, a stockholder, for himself and others, commenced an action to enjoin the sale of his stock by the corporation, and in the same action he, as did plaintiffs in the case at bar, also alleged various wrongs against other stockholders and demanded an accounting from them. The Supreme Court of

Alabama, in passing upon the objection that several causes of action were improperly joined, said:

> "A bill claiming such relief [to enjoin the sale of stock] is a bill against the corporation as the only necessary and proper party. The contention is between the stockholder and the corporation, and any relief obtained will necessarily be against the corporation."

The court then points out that under certain circumstances, where the corporation fails to proceed to protect its rights, a stockholder may do so, but it also points out that that will not justify the joining of causes of action for and against the corporation. In this case the plaintiffs have not only commingled a cause of action against the corporation with one in its favor, but they have also commingled separate and distinct causes of action which are in their favor and against the corporation in one statement. Each assessment, as we have pointed out, is a completed transaction, and, if wrongful, constitutes a separate and distinct cause of action. It is not a case where distinct injuries may arise out of a single wrong and where damages for all of the injuries may be recovered in one action and may be stated as a single cause of action. In case of stock assessments the corporation may have separate and distinct defenses as to each assessment, and where the corporation interposed proper and timely objection, as in this case, it is entitled to have each assessment which is claimed was wrongfully or unlawfully levied stated as a separate cause of action to the end that the corporation may interpose any defense, legal or otherwise, it may have to the several causes of action. Upon the other hand, the alleged wrongful acts and practices of Vahrenkamp and the officers and directors affecting the property and property rights of the corporation constitute a cause of action in favor of the corporation. Any wrongful or unlawful interference with the property of the corporation, or with its property rights, constitutes a wrong against the corporation and not against the stockholder. *Niven* v. *Peoples*, 23 N. D. 202, 136 N. W. 73; *Tutwiler* v. *Tuskaloosa, etc., Co.*, supra; *Bachus* v. *Brooks*, 195 Fed. 452, 115 C. C. A. 354. See, also, 3 Cook, Corps. (7th Ed.) sec. 739.

In *Nevin* v. *Peoples,* supra, in referring to the matter of an accounting, the court said:

"In an action for an accounting against Peoples and Severton and the return to the bank of any property they may have wrongfully taken from it during their administration the proper party plaintiff is the bank itself."

The doctrine just stated is elementary. It is suggested, however, that in this case the corporation wrongfully failed and neglected to sue, and hence it was not only the right of the plaintiffs, but, perhaps, it was their duty, to proceed. Let that be conceded, and yet it does not in the least affect the principle of pleading and procedure that is involved here. True, if the corporation failed and neglected to protect the corporate interests and property, a stockholder, or any number of them, may proceed to do what the corporation refused in that regard. The cause of action, however, is still one in favor of and not against the corporation. The mere fact that the corporation is made a defendant in the action does not constitute it an adverse party in the sense that the officers and directors are adverse parties. It is made a defendant as a matter of necessity and because it has neglected or refused to complain itself. Whatever judgment may be obtained in the action for an accounting against the officers and directors or others is for the benefit of the corporation. While the stockholder is interested in such an action and in the result, yet he is only indirectly interested, and the cause of action is not his, but belongs to the corporation, and he may sue only in the place of such corporation, for the reasons before stated.

No one would for a moment contend that, if the corporation in this case had commenced an action for an accounting against Vahrenkamp and the officers and directors, it could have enjoined itself from collecting the alleged unlawful assessment. The incongruity and impropriety of attempting such a thing would then have been apparent to all. The fact, however, that the corporation does not bring the action for itself in its own name does not give the plaintiffs, who are acting on behalf of the corporation, the right to join causes of action in one complaint that the corporation could not

have joined, and of course, they, under no circumstances, have the right to commingle several causes of action in one statement. The attempt, therefore, to join a cause of action to enjoin the corporation from collecting certain assessments, which we have seen is a cause of action against the corporation, with one for an accounting against the officers and directors of the corporation, which is a cause of action in its favor, cannot be sustained.

We desire to add that it is not possible to lay down any hard and fast rule regarding what may and what may not be incorporated in one complaint or in a single statement in stockholders' actions, or in any action, for an accounting, where it is alleged that the corporation officers have been derelict and have mismanaged the corporation's affairs and have wrongfully appropriated the corporation's property. In an action for an accounting, wrongful acts, if charged against the same individuals, may, as a rule, be incorporated into one statement in the complaint, regardless of how numerous or how involved the alleged wrongs may be. Under such circumstances the wrong consists in appropriating the property or property rights of the corporation, and that wrong constitutes but one cause of action, regardless of the number of acts on the part of the wrongdoer. The numerous wrongful acts alleged against Vahrenkamp and the officers and directors in this case, therefore, constitute but one cause of action. That, however, is not true respecting the several assessments. As we have seen, each assessment constitutes a complete transaction and an independent wrong by the corporation and an action as against it.

While it is true, therefore, that the plaintiffs, in their complaint, have stated sufficient facts to constitute a cause of action against Vahrenkamp and the officers and directors for an accounting, yet it is also true that the plaintiffs have improperly joined that cause of action with several causes of action against the corporation to prevent the enforcement by it of alleged wrongful assessments against their stock, and have commingled the several causes of action respecting said assessments in a single statement in the complaint. That

may not be done where proper and timely objection is made.

It is not necessary to dwell upon the other alleged defects of the complaint.

For the reasons stated, the judgment is affirmed, with costs to respondents.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.