## ERNEST L. SEITZ v. THEODORE MICHEL AND OTHERS.[1]

### December 20, 1918.

### No. 20,995.

**Action — joinder of causes improper.**

Several causes of action, including one for an accounting between the plaintiff and one of the defendants, one for a rescission on the ground of fraud of a sale of corporate stock by the plaintiff to another of the defendants, and several to compel certain individual defendants to make restoration to certain corporations of exorbitant sums received as salaries, *held* improperly joined.

Action in the district court for Ramsey county. From an order, Hanft, J., sustaining defendants' separate demurrers to the complaint, plaintiff appealed. Affirmed.

*O'Malley & O'Malley,* for appellant.

*O. E. Holman* and *Jamison, Swan, Stinchfield & Mackall,* for respondents.

DIBELL, J.

All of the 13 defendants demur to the complaint upon the ground that several causes of action are improperly united. Seven of them add the ground of insufficiency of facts. From orders sustaining the demurrers the plaintiff appeals.

In 1891 the plaintiff and the defendant Theodore Michel entered into a copartnership in the plumbing and heating business and the manufacture of plumbers' specialties. There was no written agreement and the terms were indefinite. The defendant was active in the financial and business interests of the copartnership and the plaintiff looked after the mechanical part. The copartnership prospered. In 1893 other inter-

ests were joined and the Union Brass & Metal Manufacturing Company was incorporated and stock issued to those interested. Later the Central Supply Company, the Capitol Steam Laundry, the Elite Laundry Company and the Banner Laundry Company were incorporated by the defendant, or by the plaintiff and defendant, or controlling interests were acquired therein by purchase. In all of the corporations the defendant held a majority of the stock. The plaintiff's holdings were considerably less, but they were substantial. The other holdings were small.

There has been no settlement or accounting. The action as against the defendant Michel is substantially one for an accounting. The sufficiency of the complaint for an accounting is not challenged. The demurrer is upon the ground of misjoinder.

Another claim of the plaintiff is this: The defendant Michel procured and induced the defendant Frey to negotiate with the plaintiff for a purchase of his stock in the Central Supply Company. Frey falsely represented the condition of the company to the plaintiff, who was by the conduct of Michel prevented from knowing its condition. Because of such representations the plaintiff transferred his stock to the defendant Frey for $46,000 when it was worth some $29,000 or $30,000 more. He offers to return the $46,000, and interest, and asks a rescission and return of the stock.

Another claim is that exorbitant salaries were paid by certain of the corporations to their officers, and the relief asked is that those receiving them be required to account to the corporations by which they were paid and make restoration. Such a claim is made as to the Banner Laundry Company, the Capitol Steam Laundry and the Union Brass & Metal Manufacturing Company.

The action for an accounting is a single cause of action. It is not necessary to complete relief, so far as the complaint alleges, that any other of the defendants be joined. It is not a case like Palmer v. Tyler, 15 Minn. 81 (106).

The action for a rescission of the sale of the stock of the Central Supply Company to the defendant Frey, upon the ground of fraud, is a single cause of action. The other defendants are not concerned with it.

Whether the Central Supply Company, under proper allegations, might be a proper party, we are not concerned to inquire.

The causes of action to compel certain of the defendants to account for and make restitution of exorbitant salaries received are not connected with the accounting action or the action to rescind the sale of the Central Supply Company stock for fraud. They are not in the same right and cannot be joined. Niven v. Peoples, 23 N. D. 202, 136 N. W. 73; Stoddard v. Bell & Co. 100 App. Div. 389, 91 N. Y. Supp. 477; Groh v. Flammer, 100 App. Div. 305, 91 N. Y. Supp. 423; Sturtevant-Larrabee Co. v. Mast, B. & B. Co. 66 Minn. 437, 69 N. W. 324.

The statute permits the joinder of consistent causes of action when they affect all parties to the action, and when included in the same transaction or transactions connected with the same subject of action. G. S. 1913, § 7780. The disposition is to be liberal in permitting a joinder and especially so in equity cases. We think the complaint goes beyond a permissible liberal construction. There is not a single transaction involved. There are many separable and independent and unconnected ones, and the claims of the plaintiff are not all in the same right. It is not a case like Venner v. Great Northern Ry. Co. 117 Minn. 447, 136 N. W. 271, and cases cited therein, where one general transaction was involved and one general right was demanded, and where all the defendants were concerned with the main purpose of the litigation though affected in different measures. And see Dunnell, Minn. Dig. & 1916 Supp. §§ 7500-7508.

It is unnecessary to consider the demurrers so far as they are based on insufficiency of facts.

Orders affirmed.